2000 ND 214

**John Daniel LAWRENCE a/k/a Dan Lawrence, Plaintiff, Appellant and Cross–Appellee,**

v.

**Tina Lucille DELKAMP, Defendant, Appellee and Cross–Appellant.**

**John Daniel Lawrence a/k/a Dan Lawrence, Plaintiff and Appellant,**

v.

**Tina Lucille Delkamp, Defendant and Appellee.**

**Nos. 20000061, 20000151.**

Supreme Court of North Dakota.

Dec. 12, 2000.

Rehearing Denied Feb. 2, 2001.

Todd D. Kranda, Kelsch, Kelsch, Ruff & Kranda, Mandan, for plaintiff, appellant and cross–appellee.

Arnold V. Fleck, Bismarck, for defendant, appellee and cross–appellant.

VANDE WALLE, Chief Justice.

[¶ 1] John Daniel Lawrence appealed from an order, dated February 2, 2000, restricting visitation with his son. Lawrence also appealed from an order, dated March 30, 2000, awarding Rylan's mother, Tina Lucille Delkamp, costs and attorney fees in the amount of $12,149.70. Delkamp has cross-appealed from the latter order, claiming additional attorney fees. We hold the trial court's finding Lawrence committed domestic violence is clearly erroneous. We, therefore, reverse both orders and remand for further proceedings.

I

[¶ 2] Although Lawrence and Delkamp were never married to each other, they had a son who was born in August 1992. Through a series of amended judgments and orders, Delkamp was awarded custody of the child with visitation for Lawrence,

who was also ordered to pay child support. *See Lawrence v. Delkamp*, 1998 ND 178, 584 N.W.2d 515. Thereafter, Lawrence filed motions requesting a change of custody or, alternatively, modification of visitation, and Delkamp filed a motion seeking a court ordered psychological evaluation of Lawrence. The trial court denied Lawrence's request for a change of custody, and Lawrence has not appealed that decision. In the February 2, 2000 order, the trial court found the parties had, by stipulation, completed a domestic violence assessment and Delkamp's motion for psychological evaluation was moot. The court also found Lawrence had committed domestic violence, and the court restricted Lawrence's visitations with the child to supervised visits at the Family Safety Center in Bismarck. On appeal, Lawrence claims the trial court's finding of domestic violence is clearly erroneous and requests a reversal and redetermination of visitation.

[¶ 3] In awarding custody in the best interests of the child, the court must consider the factors listed under N.D.C.C. § 14-09-06.2. *Ryan v. Flemming*, 533 N.W.2d 920, 923 (N.D.1995). In the hierarchy of factors to be considered, domestic violence predominates when there is credible evidence of it. *Id.* Consideration of domestic violence in granting visitation is discussed under N.D.C.C. § 14-09-06.2(1)(j),[1] and under N.D.C.C. § 14-05-22(3). Section 14-09-06.2(1)(j) provides in relevant part:

> In awarding custody or granting rights of visitation, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or

there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent's participation as a custodial parent. The court shall cite specific findings of fact to show that the custody or visitation arrangement best protects the child and the parent or other family or household member who is the victim of domestic violence. . . . As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01.

Section 14-05-22(3) states:

> If the court finds that a parent has perpetrated domestic violence and that parent does not have custody, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, the court shall allow only supervised child visitation with that parent unless there is a showing by clear and convincing evidence that unsupervised visitation would not endanger the child's physical or emotional health.

Section 14-07.1-01(2), N.D.C.C., defines domestic violence:

> *"Domestic violence" includes* physical harm, bodily injury, sexual activity compelled by physical force, assault, or *the infliction of fear of imminent physical harm*, bodily injury, sexual activity compelled by physical force, or assault, not

---

1. Under this subsection a finding of a pattern of domestic violence within a reasonable time proximate to the proceeding, domestic violence involving a dangerous weapon, or domestic violence resulting in serious bodily injury creates a "rebuttable presumption"

against the perpetrator being awarded custody. A finding of domestic violence does not, however, create, under this section, a presumption the perpetrator cannot have unsupervised visitation with a child.

committed in self-defense, on the complaining family or household members. (Emphasis added).

[¶ 4] While N.D.C.C. § 14–05–22(3) neither defines domestic violence nor refers to the definition under N.D.C.C. § 14–07.1–01, we conclude that definition should be applied to N.D.C.C. § 14–05–22(3) as well as N.D.C.C. § 14–09–06.2(j). The latter section expressly requires use of the definition provided by N.D.C.C. § 14–07.1–01, for purposes of awarding custody and in granting visitation. It would not be logical or appropriate, in our view, to apply a different or more expansive definition of domestic violence when considering visitation restrictions under N.D.C.C. § 14–05–22(3) than when the court is considering custody or visitation restrictions under N.D.C.C. § 14–09–06.2(j).

[¶ 5] In this case, the trial court made the following specific finding regarding domestic violence:

1. *Domestic violence.* On one occasion John Daniel Lawrence ("Dan") told Tina Lucille Delkamp ("Tina") he would have his girlfriend "beat the crap out" of Tina if Tina pursued the issue of child support. On another occasion, Dan told Tina he could "eliminate" Rylan in a boating accident. Dan told Tina she would not be seeing Rylan once Dan got him. Dan also told Tina on one occasion he would not return Rylan to Tina after a visitation unless she agreed to let Dan claim Rylan as an exemption on Dan's tax return. Most of these incidents occurred more than two years ago but during Rylan's life. . . .

Dan has perpetrated domestic violence. N.D.C.C. § 14–07.1–01(2). Moreover, he engaged in a pattern of conduct within a reasonable time proximate to the proceedings just completed to create a rebuttable presumption that Dan should not have joint or sole custody of Rylan. N.D.C.C. § 14–09–06.2.

State law requires any visitation arrangement under such circumstances must be designed to protect Rylan and Tina from further domestic violence. *Id.*

[¶ 6] The trial court made no finding that Lawrence has ever committed physical harm or bodily injury to Rylan or Delkamp. Nor is there any evidence in the record to support such a finding. The court's finding of domestic violence rests solely upon threats made by Lawrence. Under our domestic violence statutes, threats can only constitute domestic violence for purposes of creating a rebuttable presumption against custody and for restriction of visitation, if they constitute "the infliction of fear of imminent physical harm."

[¶ 7] The determination whether there has been domestic violence is an issue of fact determined by the court, as trier of fact, and will not be set aside on appeal unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *Lovcik v. Ellingson,* 1997 ND 201, ¶ 10, 569 N.W.2d 697. The question whether the trial court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal. *See Ryan v. Flemming,* 533 N.W.2d at 923.

[¶ 8] The record supports the trial court's finding that Lawrence made threats to Delkamp. The record shows that Lawrence threatened he would have a girlfriend "beat" Delkamp if she pursued child support, that Lawrence said he could "eliminate" Rylan in a boating accident, and that Lawrence said he would not return Rylan after a visitation unless Delkamp agreed to a specific tax exemption for Lawrence. These threats are serious and reprehensible, and we do not dismiss their relevance. The trial court can certainly consider Lawrence's threatening behavior in deciding custody and visitation issues. Under N.D.C.C. § 14–09–06.2 Lawrence's threats are relevant to the court's consideration of such factors as the capacity and disposition of the parents to give the child love, affection, and guidance, the moral fitness of the parents, and the

mental and physical health of the parents. However, the specific issue before us in this appeal is whether Lawrence's threats constitute domestic violence, as that term is defined under the statute, for purposes of imposing restricted visitation.

[¶ 9] The threats made by Lawrence are clearly distinguishable from the threats made in *Lovcik v. Ellingson,* which the trial court found were domestic violence. In *Lovcik,* a protection order had been entered against the father for committing violent physical acts of aggression against the mother, including pushing her against a wall, choking her while she was holding one of the children, and pushing her to the ground. *Lovcik,* at ¶ 3. During the evening after the parties had attended a court hearing on custody and child support modification, the father became very angry and made a series of telephone calls to the mother. During those calls, the father used harassing language toward the mother and called her derogatory names. The series of angry threatening calls made the mother immediately fear for her safety. She "became nauseated and shook from fear," and she immediately locked all doors and windows of the home and called the police to request protection. *Lovcik,* at ¶ 8. The trial court found the father's harassing calls caused the mother to have fear of imminent physical harm and also found that her fear was reasonable because of her past experience of having been physically abused by the perpetrator. This Court affirmed the trial court's finding of domestic violence, concluding, under those circumstances, the threats constituted an infliction of fear of imminent physical harm.

[¶ 10] Unlike the circumstances in *Lovcik,* there is no history shown on this record of physical assault or violence by Lawrence toward Delkamp or the child. The threats made by Lawrence, while objectionable, were qualified threats of possible future conduct conditioned upon the occurrence of certain actions or responses by Delkamp. There was no finding by the trial court that at the time Lawrence made the threats Delkamp was put in fear of immediate or soon to be inflicted physical harm.

[¶ 11] This Court's application of the phrase "imminent serious bodily injury" in *State v. Kurle,* 390 N.W.2d 48, 49 (N.D. 1986), is instructive. In *Kurle,* the defendant was charged with menacing, which requires proof the defendant knowingly placed another human being in fear of "imminent serious bodily injury." Concluding there was insufficient evidence to sustain the conviction, this Court stated:

> In this case, Kurle's words—"when you are up here alone, we will get you"—speak to the future and do not denote sufficient immediacy. And, taken in context, no aspect of immediacy may be inferred: Kurle made the statement as he was leaving the scene; in addition, Kurle, unlike one of his antagonists, was unarmed.
>
> Under our construction of the word "imminent," it is apparent that the set of facts, about which neither party has serious disagreement, does not support the conclusion that the threat of serious bodily injury was imminent.... [T]he record fails to exhibit even the possibility of imminent serious bodily injury and therefore cannot support the conviction for menacing....

*Id.* at 49 (footnote omitted).

[¶ 12] The threats the court found Lawrence made in this case are similar to the threats made by the defendant in *Kurle,* because the threats were of future conduct and did not denote immediacy so as to place Delkamp in fear of harm occurring without delay. Under this interpretation of N.D.C.C. § 14–07.1–01(2), Lawrence's threats did not constitute domestic violence under N.D.C.C. § 14–09–06.2(1)(j) or N.D.C.C. § 14–05–22(3), and the trial court's finding of domestic violence is clearly erroneous. In establishing visitation for Lawrence with Rylan the trial court erred in considering Lawrence's conduct to be domestic violence requiring visitation restrictions. We remand for the

trial court to redetermine appropriate visitation.

## II

[¶ 13] In the March 30, 2000 order, the court awarded Delkamp costs and attorney fees under N.D.C.C. § 14–05–22(5), which authorizes the award of costs and attorney fees when there is a finding of domestic violence. In view of our conclusion the trial court erred in finding domestic violence, the court's order awarding costs and attorney fees under this statute is reversed. Upon reconsidering the visitation issue, the court may revisit the issue of costs and attorney fees under the applicable statutes.

[¶ 14] The orders of the district court are reversed, and the case is remanded for further proceedings.

[¶ 15] DALE V. SANDSTROM, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, JJ., LAWRENCE A. LECLERC, D.J., concur.

[¶ 16] The Honorable LAWRENCE A. LECLERC, D.J., sitting in place of KAPSNER, J., disqualified.