2003 ND 53

**John Daniel LAWRENCE, aka Dan Lawrence, Plaintiff and Appellant,**

v.

**Tina Lucille DELKAMP, Defendant and Appellee.**

**Nos. 20020244, 20020291.**

Supreme Court of North Dakota.

April 1, 2003.

William E. McKechnie, McKechnie Law Office, P.C., Grand Forks, for plaintiff and appellant.

Arnold V. Fleck, Fleck Law Office, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] John Daniel Lawrence appealed from a July 30, 2002 amended judgment suspending Lawrence's visitation rights with his son. Lawrence also appealed from a September 16, 2002 judgment awarding the child's mother, Tina Lucille Delkamp, costs and attorney fees for defending against Lawrence's July 3, 2001 motion to modify custody. We hold the district court did not abuse its discretion in awarding Delkamp costs and attorney fees in proceedings involving custody and visitation issues between Lawrence and Delkamp. We further hold the district court did not err in denying Lawrence an evidentiary hearing on his request to change custody or in requiring that Lawrence's visitation with his son be supervised. We affirm both judgments from which Lawrence has appealed, but we deny Delkamp's request for double costs and attorney fees on appeal.

I

[¶ 2] Lawrence and Delkamp were never married to each other, but they had a son who was born in August 1992. Through paternity proceedings and a series of amended judgments and orders, Delkamp was awarded custody of the child with visitation for Lawrence, who was also ordered to pay child support. In a February 2, 2000 order the district court restricted Lawrence's visitations with the child to supervised visits at the Family Safety Center in Bismarck. Lawrence appealed from that order, and in *Lawrence v. Delkamp*, 2000 ND 214, ¶ 13, 620 N.W.2d 151, this Court reversed the order, concluding the district court erred in finding Lawrence had committed domestic violence for purposes of deciding custody and visitation issues under N.D.C.C. § 14–09–06.2(1)(j). We remanded the case to the district court for a redetermination of visitation and of Delkamp's request for costs and attorney fees.

[¶ 3] After remand, the district court entered an order on September 26, 2001 awarding Lawrence supervised visitation with his son on the second Saturday of each month in accordance with the "time, costs, and location" mechanisms set out in the court's February 2, 2000 order. The court also reconfirmed its February 2, 2000 order awarding Delkamp costs of $1,696.70 under N.D.C.C. § 14–17–15.

[¶ 4] On July 6, 2001 Lawrence filed a motion for change of custody, which was denied by separate order of the court filed September 26, 2001. Lawrence's subsequent motion for reconsideration was denied on January 15, 2002. Judgment was filed on September 16, 2002 awarding Delkamp costs and attorney fees of $3,234.67 for her defense of Lawrence's motion to change custody. A separate judgment was entered on July 30, 2002 suspending Lawrence's visitations with his son "until [Lawrence] successfully completes a domestic violence treatment program offered through one of the state's human service centers."

II

[¶ 5] Lawrence asserts the district court's award of $1,696.70 costs to Delkamp on remand from the prior appeal is erroneous, as a matter of law. In its February 2, 2000 order the district court denied Delkamp's request for attorney fees but awarded her costs on motions she brought for modification of Lawrence's vis-

itations and for a psychological evaluation of Lawrence, explaining:

> [Delkamp] seeks attorney's fees and costs associated with the two motions most recently before the Court. She argues [Lawrence] is in a much better financial posture to pay part or all of her attorney's fees than she is. Further she suggests [Lawrence] is using the Courts to "break" her financially and that this is one more example of the emotional abuse he has visited upon her over the years. [Lawrence] resists.
>
> This Court has authority to award costs and reasonable attorney's fees pursuant to N.D.C.C. § 14–17–15. [Delkamp] prevailed on both motions before the Court. She has provided the Court with an itemized list of costs associated with the motions. She is entitled to reimbursement for them. [Lawrence] shall pay [Delkamp] $1,696.70 by March 15, 2000. [Delkamp's] request for attorney's fees is denied.

Lawrence appealed from that order, and after our remand the district court entered an order on September 26, 2001 reconfirming its award of costs to Delkamp:

> The Court finds the award of costs as determined in the February 2, 2000 Order appropriate. The Court finds Delkamp prevailed on both motions. Delkamp is not financially able to absorb the costs at issue. Lawrence is in a position to pay these costs, and due to Lawrence constantly filing motions requiring Delkamp to respond.

▆▆▆ [¶ 6] In paternity proceedings the court may award costs under N.D.C.C. § 14–17–15, which provides, in part:

> The court may order reasonable fees of experts and the child's guardian ad litem and other costs of the action and pretrial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court.

The court has discretion under this statute to apportion the costs between the parties. *Mougey v. Salzwedel*, 401 N.W.2d 509, 515 (N.D.1987). Although the court can, under this statute, award all of the costs against one of the parties, the reasons for such an apportionment must be set forth by the court. *Id.* at 516. The district court was correct in finding that Delkamp essentially prevailed on both motions. She had moved for a psychological evaluation of Lawrence and the parties stipulated to a domestic violence assessment making that motion moot. Delkamp had also moved for modification of visitation which the court granted in the form of specified supervised visitation between Lawrence and his son. While this Court, in deciding Lawrence's appeal from the February 2, 2000 order, concluded threats made by Lawrence to Delkamp did not constitute domestic violence we, nevertheless, characterized the threats as "serious and reprehensible" and further stated that Lawrence's threatening behavior was relevant to determining the "custody and visitation issues." *Lawrence*, 2000 ND 214, ¶ 8, 620 N.W.2d 151. The district court recognized that in addition to Delkamp receiving favorable results on her motions, the evidence also demonstrated that Lawrence was in a much better financial position than Delkamp to pay for the paternity proceedings. Under these circumstances, we conclude the district court did not abuse its discretion in awarding Delkamp $1,696.70 in costs for the motion proceedings.

### III

▆▆▆ [¶ 7] Lawrence asserts the district court erred, as a matter of law, in denying Lawrence an evidentiary hearing on his motion for a change of custody. On July 6, 2001 Lawrence filed a motion for change of custody, asserting that Delkamp

was sabotaging his relationship with his son and was denying him visitations with the child. The controlling statute is N.D.C.C. § 14–09–06.6:

1. Unless agreed to in writing by the parties, no motion to modify a custody order may be made earlier than two years after the date of entry of an order establishing custody, except in accordance with subsection 3.

2. Unless agreed to in writing by the parties, if a motion for modification has been disposed of upon its merits, no subsequent motion may be filed within two years of disposition of the prior motion, except in accordance with subsection 3.

3. The time limitation in subsections 1 and 2 does not apply if the court finds:

   a. The persistent and willful denial or interference with visitation;

   b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

   c. The primary physical care of the child has changed to the other parent for longer than six months.

4. A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

The party seeking modification of a custody order bears the burden of showing a change of custody is required, and the trial court's decision on the issue is a finding of fact subject to the clearly erroneous standard of review. *Anderson v. Resler,* 2000 ND 183, ¶ 8, 618 N.W.2d 480. A party seeking custody modification under N.D.C.C. § 14–09–06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party. *O'Neill v. O'Neill,* 2000 ND 200, ¶ 5, 619 N.W.2d 855.

██ [¶ 8] Lawrence concedes his motion was brought within two years of a prior disposition by the court of the custody issue on its merits. He also concedes that under the statute he is entitled to an evidentiary hearing on his motion only if he presents a prima facie case of Delkamp's "persistent and willful denial or interference with visitation" between Lawrence and his son. The district court, in its September 26, 2001 order denying Lawrence's motion for change of custody and request for evidentiary hearing on the motion, explained:

> The Court in determining whether or not Lawrence has established a prima facie case justifying a modification, takes into consideration the affidavit filed by Lawrence and the responsive affidavits of Delkamp, Cassie Roberdeau, and Dennis Larkin.
>
> The information presented in Lawrence's affidavit does not specifically address the factors set out in N.D.C.C. § 14–09–06.3(3).[1]

---

1. This is a typographical error in the order. The court is obviously referring to N.D.C.C. § 14–09–06.6(3).

Lawrence's affidavit continues to regurgitate the same information presented to the Court in prior motions made by Lawrence in his bid to have custody changed. "The plaintiff or moving party generally bears the burden of proof. If the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in her favor, that party has made a prima facie case." *Helbling vs. Helbling*, 541 N.W.2d 443 (N.D.1995). Lawrence's affidavit lists no specifics as to the alienation of Rylan from him by Delkamp. Lawrence's affidavit raises the issue of Delkamp moving Rylan out of state, and this issue was before the Court when it made its order in 1999. This is not a new issue and does not support Lawrence's motion for change of custody. Lawrence's affidavit in claiming alienation of Rylan by Delkamp sets out no specifics wherein visitation has been attempted and denied or that the previous court orders regarding visitation have been violated....

This Court finds Lawrence has failed to establish a prima facie case justifying modification of child custody. Lawrence's motion for an evidentiary hearing on the underlying motion for change of custody is *Denied* along with the motion for change of custody itself.

(Emphasis in original.) We hold the district court's conclusion that Lawrence failed to present a prima facie case as required under N.D.C.C. § 14–09–06.6(4) is supported by the record, and the district court, therefore, did not commit error in denying Lawrence's motion without affording him an evidentiary hearing.

■ [¶ 9] On November 6, 2001 Lawrence filed a motion requesting the court to reconsider its decision to not allow a custody hearing. The court denied the motion by order on January 15, 2002, explaining:

The Court has reviewed the motion to reconsider and the attached affidavits.... The Court does not find any basis to reconsider its order of September 21, 2001 [filed September 26, 2001]. Lawrence's request raises no new arguments and simply attempts to raise the same arguments attempted in Lawrence's previous motion.

[¶ 10] Lawrence's affidavit in support of the motion to reconsider generally states, "[e]fforts were made in 1998, 1999 & 2000 to visit Rylan, all of which did not happen because of Delkamp's willful intransigence." However, Lawrence neither provided the court with specific facts nor articulated instances showing how Delkamp has willfully obstructed visitations. We conclude, therefore, the district court did not err in denying the motion to reconsider.

IV

[¶ 11] Lawrence asserts the district court's finding that supervised visitation was required is clearly erroneous. In its February 2, 2000 order the district court stated that the court had previously ordered Lawrence to participate in and successfully complete a domestic violence program offered through the state's human service centers. In its order on remand, filed September 26, 2001, the court ordered that except for the portions remanded by this Court the February 2, 2000 order remained in effect and explained its reasons for requiring supervised visitation:

In regards to visitation of Rylan by Lawrence, the Court finds after considering N.D.C.C. 14–09–06.2 (best interests and welfare of child) that any visitations between Rylan and Lawrence must continue to be supervised as set out in the judgment dated February 2, 2000.

This Court finds that even though Lawrence was determined not to have committed domestic violence, the acts that are of record in regards to threats to Delkamp and Rylan necessitate any visitation being supervised. Lawrence's contact with Rylan appear[s] to be minimal in the past, and supervised visits will allow the progress of the relationship to be monitored for Rylan's benefit. This Court further notes Lawrence fails to provide to the Court any indication that he has attempted to seek help or counseling in accordance with · recommendations by the Court and other professionals involved in this case. To the contrary, Lawrence appears to strike out at any professional involved with making a recommendation that is contrary to Lawrence's position. Lawrence's actions did not fit the definition of domestic violence. The actions of record are inappropriate and need to be addressed before the best interests and welfare of Rylan will permit unsupervised visits.

In its subsequent order of February 26, 2002 the district court explained why continued supervised visits without Lawrence completing a domestic violence treatment program could endanger the child:

> The evidence indicates continuing supervised visits, prior to the defendant successfully completing a domestic violence treatment program, will likely endanger the child's physical or emotional health. Under N.D.C.C. § 14–05–22(2), such a conclusion supports suspension of the plaintiff's visitation rights....

> The plaintiff has been diagnosed as an emotional batterer who is in need of treatment. The record establishes that emotional abuse can often be more detrimental than physical abuse. The plaintiff's apparent refusal to seek appropriate group treatment, combined with the fact that the child is now at an age which makes the child more susceptible to emotional harm then [sic] ever before, arising not only from the pattern of emotionally abusive behavior, but also as the result of the "on again and off again" relationship the plaintiff has pursued with the child, indicates it's time to suspend plaintiff's visitation rights.

> It is in the best interests of the parties' minor child, Rylan, that the plaintiff's visitation rights be suspended until the plaintiff successfully completes a domestic violence treatment program offered through one of the state's human service centers.

[¶ 12] While Lawrence argues in his brief that the district court erred in imposing supervised visitations he does not specifically object to the court's decision to suspend visitation until Lawrence receives counseling. Although we held in *Lawrence*, 2000 ND 214, ¶ 12, 620 N.W.2d 151, that Lawrence's threats "did not denote immediacy so as to place Delkamp in fear of harm occurring without delay" and, therefore, did not constitute domestic violence under N.D.C.C. § 14–09–06.2(1)(j), we expressly stated his threats were both serious and reprehensible and the trial court could consider that behavior in deciding custody and visitation issues. *Lawrence*, at ¶ 8. Consequently, it was appropriate for the trial court to consider all of Lawrence's actions, including his serious threats, in requiring Lawrence to receive counseling to address his behaviors as a condition of visitation. The trial court's decision on visitation is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Sevland v. Sevland*, 2002 ND 110, ¶ 5, 646 N.W.2d 689. We conclude the district court's findings that Lawrence is in need of counseling and that his visitation rights should be sus-

pended until he receives that counseling are not clearly erroneous.

## V

[¶ 13] Lawrence asserts the district court abused its discretion in awarding Delkamp costs and attorney fees of $3,234.67 on the ground that Lawrence's motion for a change of custody was frivolous. The district court explained the award of costs and attorney fees in its order filed on September 26, 2001:

> This Court upon review of the multiple filings by Lawrence in this case, coupled with proof of Delkamp's inability to pay to defend the July 3, 2001 motion to modify custody filed by Lawrence, and the determination that this motion is simply a repeat of the previous motions filed by Lawrence and therefore frivolous, awards Delkamp reasonable costs and attorneys fees incurred in responding to Lawrence's motion to modify custody.

Section 28–26–01(2), N.D.C.C., provides, in part:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

For purposes of this statute, a claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor. *Peterson v. Zerr,* 477 N.W.2d 230,

236 (N.D.1991). An award of attorney fees under this statute lies within the sound discretion of the trial court, and its determination will be disturbed on appeal only for an abuse of discretion. *In re Estate of Dion,* 2001 ND 53, ¶ 46, 623 N.W.2d 720. The purpose of the legislature in enacting N.D.C.C. § 14–09–06.6 was to "curtail repeat custody litigation." *Quarne v. Quarne,* 1999 ND 188, ¶ 9, 601 N.W.2d 256. Lawrence concedes his motion to change custody was brought within two years of the court having decided custody issues on their merits in the case and, therefore, just to get an evidentiary hearing he had a burden of making a prima facie case that Delkamp was willfully interfering with his visitation privileges. Yet, Lawrence again presented to the district court only conclusory allegations without specific facts in his affidavits to show how Delkamp was thwarting Lawrence's visitations with his son. Under these circumstances, we cannot conclude the district court abused its discretion in awarding Delkamp costs and attorney fees on the ground that Lawrence's motion for a change of custody was frivolous.

## VI

[¶ 14] Delkamp asserts Lawrence's appeal is frivolous and she requests double costs and attorney fees under N.D.R.App.P. 38, which provides:

> If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs including reasonable attorney's fees.

Under this rule, our Court may award single or double costs including reasonable attorney fees if we find that an appeal is frivolous. *See Rolin Mfg., Inc. v. Mosbrucker,* 1997 ND 139, ¶ 7, 566 N.W.2d 819. An appeal is frivolous if it is flagrant-

ly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith. *State ex rel. Bd. of University & School Lands v. Bladow,* 462 N.W.2d 453, 458 (N.D.1990). We do not find all of Lawrence's assertions on appeal to be so devoid of merit as to warrant Rule 38 sanctions. The request for double costs and attorney fees on appeal is, therefore, denied.

## VII

[¶ 15] We hold the district court did not err in awarding Delkamp $1,696.70 in costs for motions relating to the paternity and custody issues in this case. We hold the district court did not err in denying Lawrence's motion for change of custody or in denying him a hearing on the motion. We hold the district court did not err in awarding Delkamp $3,234.67 for costs and attorney fees on the ground that Lawrence's motion for a change of custody was frivolous. We further hold the district court's findings that Lawrence should receive counseling prior to having unsupervised visitation, that supervised visitation is appropriate under the current circumstances of this case, and that Lawrence's visitation should be suspended until he receives counseling. We, therefore, affirm the July 30, 2002 and September 16, 2002 judgments of the district court.

[¶ 16] SANDSTROM, NEUMANN and MARING, JJ., and RICHARD W. GROSZ, District Judge, concur.

[¶ 17] The Honorable RICHARD W. GROSZ, District Judge, sitting in place of KAPSNER, J., disqualified.