2006 ND 257

**John Daniel LAWRENCE, aka
Dan Lawrence, Plaintiff
and Appellant**

v.

**Tina Lucille DELKAMP, Defendant
and Appellee.**

No. 20060136.

Supreme Court of North Dakota.

Dec. 18, 2006.

Loren C. McCray, Bismarck, ND, for plaintiff and appellant; on brief.

Tina Lucille Delkamp, pro se, Harrisonville, MO, defendant and appellee; on brief.

CROTHERS, Justice.

[¶ 1] John Daniel Lawrence appeals from an Order denying the Demand for Change of Judge, Order on Motion for Contempt and to Amend Judgment, Order Denying Relief from Judgment, and Order Denying the Motion to Amend Order. We affirm the December 30, 2005 Order denying the Demand for Change of Judge. We reverse the January 27, 2006 Order on Motion for Contempt and to Amend Judgment; the subsequently entered fifth amended judgment; the March 3, 2006 Order Denying Relief from Judgment; and the April 12, 2006 Order Denying the Motion to Amend Order, and we remand with directions to the district court to set a hearing as required on motions for contempt.

I

[¶ 2] This is Lawrence's fourth appeal in his child custody and support determinations against Tina Delkamp, his child's mother. *Lawrence v. Delkamp*, 2003 ND 53, 658 N.W.2d 758; *Lawrence v. Delkamp*, 2000 ND 214, 620 N.W.2d 151; *Lawrence v. Delkamp*, 1998 ND 178, 584 N.W.2d 515. Delkamp moved to hold Lawrence in contempt and to amend judgment on December 19, 2005 for failing to pay required support for their child's uncovered healthcare expenses. On December 29, 2005, Lawrence brought a contempt motion against Delkamp, demanded a change of judge, and filed a "Notice of Rule 3.2 Motion." The last sentence of this notice stated Lawrence "does request a hearing on this Motion." Lawrence did not have a hearing scheduled when he filed his motion and the notice. Delkamp filed a reply brief on January 9, 2006.

[¶ 3] On January 27, 2006, the district court entered an order mistakenly stating, "Both parties file their motions as 3.2 without requesting a hearing," and found Lawrence had not paid his child's uncovered healthcare expenses as required by the third amended judgment. The district court found Lawrence in contempt and ordered remedial sanctions. On January 30, 2006, Lawrence filed a notice of hearing to amend judgment, advising that the hearing requested in his December 29, 2005 Rule 3.2 notice had been set for February 28, 2006.

[¶ 4] On February 15, 2006, Lawrence filed a motion for relief from the January 27, 2006 order. The motion included a statement that Lawrence had scheduled a hearing for February 28, 2006. Lawrence cancelled the hearing the day it was sched-

uled to be held. On March 3, 2006, the district court issued an order denying Lawrence's February 15, 2006 motion for relief from the January 27, 2006 order, stating the court "was prepared for the hearing to rule on the request and the motions of the parties anew if different information came to light."

[¶ 5] On March 21, 2006, Lawrence moved to amend the March 3, 2006 order under N.D.R.Civ.P. 59(j). The court denied Lawrence's motion to amend the court's orders of January 27, 2006 and March 3, 2006. Lawrence filed his notice of appeal on May 2, 2006. The fifth amended judgment was filed on June 30, 2006.

## II

[¶ 6] We first consider whether this Court has jurisdiction to hear Lawrence's appeal. Lawrence's Notice of Appeal purports to appeal from the December 30, 2005 Order denying the Demand for Change of Judge; the January 27, 2006 Order on Motion for Contempt and to Amend Judgment; the March 3, 2006 Order Denying Relief from Judgment; and the April 12, 2006 Order Denying the Motion to Amend Order. Regarding the Order denying the Demand for Change of Judge and the Order denying the Motion to Amend Order, a subsequent judgment was entered on June 30, 2006. Because there was a subsequent consistent judgment entered upon these orders, this appeal is properly before us. *Sanderson v. Walsh County*, 2006 ND 83, ¶ 4, 712 N.W.2d 842. The Order on Motion for Contempt and to Amend Judgment and the Order Denying the Relief from Judgment were separately appealable without entry of judgment and are properly before us. *See* N.D.C.C. § 27–10–01.3(3) and N.D.R.App.P. 35(a)(2).

## III

[¶ 7] Lawrence argues the district court erred in not granting him a hearing pursuant to N.D.C.C. § 27–10–01.3(1)(a) and to N.D.R.Ct. 3.2(a). Section 27–10–01.3(1)(a), N.D.C.C., requires "notice and hearing" on a motion for contempt. The record shows Lawrence gave notice he wanted a hearing under N.D.R.Ct. 3.2(a), but failed to schedule a hearing in a timely manner. Lawrence later scheduled, and subsequently cancelled, that hearing. However, the record is silent on why Lawrence was not afforded his hearing on Delkamp's motion, as required by N.D.C.C. § 27–10–01.3(1)(a).

[¶ 8] A person may waive the rights and privileges to which that person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution. *Toni v. Toni*, 2001 ND 193, ¶ 10, 636 N.W.2d 396. "A waiver occurs when a person voluntarily and intentionally relinquishes a known right or privilege." *Pfeifle v. Tanabe*, 2000 ND 219, ¶ 18, 620 N.W.2d 167. "When parties conduct themselves in a manner which clearly constitutes a waiver, they cannot later claim they did not know their actions amounted to a voluntary and intentional waiver of their rights, because one who consents to an act is not wronged by it." *Gale v. N.D. Bd. of Podiatric Med.*, 2001 ND 141, ¶ 14, 632 N.W.2d 424.

[¶ 9] Here, Lawrence first scheduled and later cancelled the February 28, 2006 hearing. In his N.D.R.Ct. 3.2(a) motion Lawrence requested but did not establish the date for a hearing. He should have. *See* N.D.R.Ct. 3.2(a). However, the district court's decision issued on January 27, 2006, was in error when it stated that both parties filed motions without requesting a hearing. The district court should have observed Lawrence requested a hearing. In addition, Lawrence was entitled to a

hearing under N.D.C.C. § 27–10–01.3(1)(a) on both his and Delkamp's motions. Before Lawrence received the district court's decision denying his motion, he dilatorily acted under Rule 3.2 and noticed a hearing on his motion for February 28, 2006.

[¶ 10] The district court placed substantial weight on the fact Lawrence cancelled the February 28 hearing, concluding the cancellation was a waiver of Lawrence's right to a hearing. Ordinarily, such action on the part of the movant would constitute a waiver. Under the facts of this case, however, we cannot conclude there was a voluntary, knowing waiver. The motion for relief from the January 27 order stated:

> Comes now the Plaintiff, John Daniel Lawrence, by and through his attorney, Loren McCray, and hereby moves the Court for relief from the order dated January 27, 2006, on the basis that Lawrence requested a hearing on both his and the Defendant's motions at the time he filed his return and motion. A hearing for Tuesday, February 28, 2006, was already scheduled at the time the Court's order was signed. The request for hearing is contained in the Rule 3.2 Notice of Motion as well as the letter enclosing the documents to the clerk.

We read Lawrence's motion as an explanation to the district court that Lawrence had in fact requested the hearing, contrary to the district court's statement in its January 27 order that Lawrence had not requested a hearing. We do not believe the motion can be fairly read as a notice that a hearing was scheduled on the motion for relief. Having heard nothing from the district court subsequent to its order and the filing of the motion for relief, Lawrence justifiably cancelled the hearing believing the district court had ruled and would take no further action. The district court apparently assumed Lawrence knew it was prepared to reconsider its orders at the hearing on February 28, because the March 3, 2006 order denying the motion for relief stated:

> The Court did not act on the [motion for relief from the January 27 order] and was prepared for the hearing to rule on the request and the motions of the parties anew if different information came to light. Shortly before the hearing on [sic] set for February 28, 2006, counsel for Lawrence contacted the clerk of court and cancelled the hearing.

> As the hearing was cancelled by Lawrence the Court denies the motion for relief and the Order of January 27, 2006, stands.

[¶ 11] Nothing in the record indicates the court, after it mistakenly believed Lawrence had not requested a hearing, informed Lawrence the court was willing to reconsider its actions. The court subsequently indicated it would do so "if different information came to light." Lawrence should not have been required to provide new information to obtain the hearing he requested in the first instance and, more importantly, to which the statute entitled him.

[¶ 12] Although there were procedural irregularities on the part of both Lawrence and the court, we conclude under the facts of this case that Lawrence had a right to be heard unless there was some indication the irregularities were designed to mislead the court. Unfortunately, the actions here by Lawrence and the district court appeared to have misled each other unintentionally. We therefore reverse the district court's order and the subsequently entered fifth amended judgment.

## IV

[¶ 13] Lawrence's notice of appeal includes his appeal from the December 30,

2005 Order denying the Demand for Change of Judge. Lawrence did not brief that issue before this Court. "Issues not briefed by an appellant are deemed abandoned." *Anderson v. Heinze*, 2002 ND 60, ¶ 12, 643 N.W.2d 24 (quoting *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514). Lawrence therefore abandoned his appeal of the demand for change of judge issue.

V

[¶ 14] We affirm the December 30, 2005 Order denying the Demand for Change of Judge. We reverse the January 27, 2006 Order on Motion for Contempt and to Amend Judgment; the subsequently entered fifth amended judgment; the March 3, 2006 Order Denying Relief from Judgment; and the April 12, 2006 Order Denying the Motion to Amend Order, and we remand with directions to the district court to set a hearing as required on motions for contempt.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., and LAWRENCE A. LECLERC, Surrogate Judge, concur.

[¶ 16] The Honorable LAWRENCE A. LECLERC, Surrogate Judge, sitting in place of KAPSNER, J., disqualified.