Filed 6/5/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 111

John Daniel Lawrence, 

aka Dan Lawrence, Plaintiff and Appellant

v.

Tina Lucille Delkamp, Defendant and Appellee

No. 20070131

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Loren Cay McCray (argued), 419 E. Broadway, P.O. Box 2732, Bismarck, N.D. 58502-2732, for plaintiff and appellant.

Tina L. Delkamp, pro se, 1810 Parkwood Drive, Harrisonville, MO 64701, defendant and appellee; submitted on brief.

Lawrence v. Delkamp

No. 20070131

Maring, Justice.

[¶1] John Daniel Lawrence appeals a district court order which denied Lawrence’s contempt motion; determined that Tina Delkamp, the mother of his child, is entitled to the tax exemption for their child; and determined Lawrence is no longer responsible for fifty percent of the uncovered medical expenses of their child.  Lawrence argues the district court abused its discretion by not allowing him to call Delkamp as a witness to testify telephonically during the hearing.  We hold the district court did not abuse its discretion by denying Lawrence’s request to call Delkamp to testify.  Under N.D.R.Civ.P. 43(a), a district court may allow a witness to testify telephonically.  However, the admissibility of telephonic testimony is conditioned on good cause in compelling circumstances and the availability of appropriate safeguards.  In this case, the district court determined it was appropriate to have a third party onsite to identify Delkamp and administer an oath to her before the court would allow her to testify telephonically.  This determination was made within the district court’s discretion.  We, therefore, affirm the district court’s order.

I

[¶2] This is Lawrence’s fifth appeal in his child custody and support determination against Delkamp.  
See
 
Lawrence v. Delkamp
, 2006 ND 257, 725 N.W.2d 211; 
Lawrence v. Delkamp
, 2003 ND 53, 658 N.W.2d 758; 
Lawrence v. Delkamp
, 2000 ND 214, 620 N.W.2d 151; 
Lawrence v. Delkamp
, 1998 ND 178, 584 N.W.2d 515.  In the most recent decision, 
Lawrence
, 2006 ND 257, 725 N.W.2d 211, we reversed and remanded a January 27, 2006, Order on Motion for Contempt and to Amend Judgment; a subsequently entered fifth amended judgment; a March 3, 2006, Order Denying Relief from Judgment; and an April 12, 2006, Order Denying the Motion to Amend Order.  
Id.
 at ¶ 14.  This Court instructed the district court to set a hearing on the parties’ contempt motions.  
Id.

[¶3] On remand, the court scheduled a hearing for March 6, 2007.  Delkamp moved to hold Lawrence in contempt because, despite the fact that Lawrence did not have insurance coverage for their child’s eyeglasses, Lawrence required Delkamp to attempt to run any eye-care costs through Lawrence’s medical insurance before Lawrence would pay his share of the child’s eyeglass expenses.   Lawrence moved to hold Delkamp in contempt for failure to provide tax forms.  Approximately one month before the March hearing, Delkamp requested by letter to appear telephonically to avoid the financial burden of traveling to North Dakota from her Missouri residence.  Lawrence did not object.  The district court granted Delkamp’s request.

[¶4] During the hearing, Lawrence’s counsel called two witnesses to testify: Lawrence and a Wal-Mart vision center employee.  After Lawrence testified on direct examination, Delkamp, acting pro se, cross-examined Lawrence.  During her cross-

examination, Delkamp at times made statements instead of asking questions of Lawrence.  For example, at one point in her questioning of Lawrence, she said, 

Back on the 2005 ruling Mr. Lawrence denied wanting to pay any medical bills because he said I did not send the medical bills or the vision through his insurance.  He has just testified, however, though, that he does not have vision insurance for glasses.  Therefore, Wal-

Mart would not have sent anything through that.

At another point, her cross-examination consisted of the following:

So, Mr. Lawrence, in the receipt of September — let me get my date here.  September of 2005, you also refused that particular bill not willing to pay for it.  You had indicated that I did not send you the receipt for it; therefore, you did not pay for it.

And my question is, I also sent a receipt to your attorney that he has acknowledged with a letter of September 21
st
.  So you are not aware that you had had a set of glasses that you needed to pay for in September of 2005?

The district court reminded Delkamp that her role was to ask questions.  Lawrence’s counsel did not object at any time during Delkamp’s questioning of Lawrence.

[¶5] After Lawrence’s testimony, Lawrence’s counsel told the court he wished to call Delkamp as a witness to testify.  The court inquired whether anyone was onsite with Delkamp who could swear her in or verify her identity.  Delkamp responded that only her child was there.  The court decided not to allow her to testify, stating the court allowed her to appear by telephone, “but simply to appear, not as a witness.”  The hearing concluded with closing arguments by both parties.

[¶6] On March 9, 2007, the district court issued an Order from Remand on Motion for Contempt and to Amend Judgment.  The order stated that the district court order of January 27, 2006, would stand; that Lawrence is no longer responsible for fifty percent of the uncovered medical expenses of the child; and that Delkamp, in compensation for this change, is entitled to the tax exemption for the child.  Lawrence appeals the March 9, 2007, order.  He asserts the statements Delkamp made during cross-examination of Lawrence constituted testimony, and he contends the district court abused its discretion by not allowing him to cross-examine Delkamp.  Lawrence requests this matter be remanded for further proceedings.

II

[¶7] When deciding evidentiary matters, a district court has broad discretion.  
State v. Friedt
, 2007 ND 108, ¶ 8, 735 N.W.2d 848.  This Court will overturn the district court’s admission or exclusion of evidence only if the district court has abused its discretion.  
Id.
  “Abuse of discretion occurs when a trial court acts arbitrarily, unconscionably, or unreasonably, or when a decision is not based on a rational mental process.”  
Id.

[¶8] Rule 43(a), N.D.R.Civ.P., concerns the form and admissibility of evidence in civil proceedings:

In every trial, the testimony of witnesses must be taken orally or by non-oral means in open court, unless otherwise provided by statute or these rules.  Testimony must be taken orally unless a witness is unable to reasonably communicate orally.  All evidence must be admitted which is admissible under the statutes of this State, the North Dakota Rules of Evidence, or other rules adopted by the North Dakota Supreme Court.  The court may, upon the agreement of the parties, or for good cause shown in compelling and unexpected circumstances, and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.  Notice must be given to the other parties as soon as reasonably possible for testimony by contemporaneous transmission or by a witness who is unable to reasonably communicate orally.

[¶9] Rule 43(a), N.D.R.Civ.P., was amended in 1999 to explicitly provide that witnesses may testify by contemporaneous transmission for good cause in compelling and unexpected circumstances, and upon appropriate safeguards, and that testimony of a witness may be given in open court by non-oral means if the witness is unable to reasonably communicate orally.  N.D.R.Civ.P. 43(a) explanatory note.  The explanatory note to N.D.R.Civ.P. 43(a) explains that “the amendment is not intended to allow contemporaneous transmission based upon mere convenience for a witness as the requirement for ‘good cause shown in compelling and unexpected circumstances’ is not met.”  The note continues, “The parties may agree to such evidence, but trial court approval is necessary.”  
Id.
; 
see also
 
Guardianship/Conservatorship of Van Sickle
, 2005 ND 69, ¶ 15, 694 N.W.2d 212 (stating, “[t]he presentation of testimony by contemporaneous transmission is not allowed for the mere convenience of a witness, and even if the parties agree to contemporaneous transmission, it must be approved by the court”).

[¶10] Although our rules now permit admission of testimony taken via contemporaneous transmission, we previously acknowledged the shortcomings of telephonic testimony.  
See
 
Gust v. Gust
, 345 N.W.2d 42, 45 (N.D. 1984) (stating, “[i]n testimony by telephone the image of the witness cannot be seen nor does it disclose if the witness is using or relying upon any notes or documents and, as a result, meaningful communication is effectively curtailed or prevented. . . .  Above all, in testimony by telephone the trier of facts is put in a difficult, if not impossible, position to take into account the demeanor of the witness in determining the witness’ credibility.”).  Likewise, the advisory committee notes to the corresponding federal rule, F.R.Civ.P. 43, caution, 

The importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

When telephonic testimony is allowed, “[s]afeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness.”  
Id.

III

[¶11] Lawrence maintains the district court abused its discretion by not allowing him to call Delkamp as a witness.  He argues Delkamp’s cross-examination of Lawrence constituted testimony because her questions included declaratory statements.  He asserts he was prevented from exercising his basic rights in the adversarial process by not being allowed to call Delkamp to testify so he could cross-examine her.  Lawrence asserts telephonic testimony is commonly allowed.  He contends he should have been allowed to call Delkamp as a witness because Delkamp’s request to appear by telephone fulfilled the notice requirement of N.D.R.Civ.P. 43(a).  We disagree.  We hold the district court did not abuse its discretion by refusing to allow Delkamp to testify telephonically.

[¶12] Rule 43(a), N.D.R.Civ.P., states, “In every trial, the testimony of witnesses 
must be taken orally or by non-oral means in open court
 . . . .”  (Emphasis added.)  This sentence provides the general rule that witnesses’ testimony must be taken in open court.  We have already established that “orally in open court” means a witness must be physically present in court so the trier of fact can observe the witness’ demeanor.  
See
 
Gust
, 345 N.W.2d at 44 (interpreting the pre-1999 version of N.D.R.Civ.P 43(a), which provided, “In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by statute or these rules.  All evidence shall be admitted which is admissible under the statutes of this State, the North Dakota Rules of Evidence, or other Rules adopted by the North Dakota Supreme Court.”).  In reaching that decision, we looked to the statutory definition of “oral examination.”  
See
 
Gust
, at 44.  Section 31-04-04, N.D.C.C., defines “oral examination” as “an examination in the presence of the jury or tribunal which is to decide the fact or act upon it, the testimony being heard by the jury or tribunal from the lips of the witness.”

[¶13] We acknowledge that telephonic testimony is presented under N.D.R.Civ.P. 43 in our courts.  The fact that testimony is presented in open court by contemporaneous transmission does not, however, change that N.D.R.Civ.P. 43(a) merely permits, and does not mandate, courts to allow presentation of testimony by contemporaneous transmission.  
See
 N.D.R.Civ.P. 43(a) (stating, “[t]he court 
may
, upon the agreement of the parties, or for good cause shown in compelling and unexpected circumstances, and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location” (emphasis added)); 
see also
 
J.P. v. Stark County Social Services Bd.
, 2007 ND 140, ¶ 16, 737 N.W.2d 627 (stating, “[w]hen the word ‘may’ is used in a statute, it is generally used to imply discretionary or optional conduct”).

[¶14] Rule 43(a), N.D.R.Civ.P., requires that courts ensure “appropriate safeguards” are in place before permitting presentation of testimony in open court by contemporaneous transmission.  One mechanism used by our courts to convey the importance of truthtelling to witnesses is the administration of the oath or affirmation.  
See
 
Tice v. Mandel
, 76 N.W.2d 124, 137 (N.D. 1956) (stating the object of requiring an oath “is first to affect the conscience of the witness and thus compel him to speak the truth, and also to lay him open to punishment for perjury in case he willfully falsifies”).  Before testifying, a witness must declare he or she will testify truthfully by oath or affirmation.  N.D.R.Ev. 603.  The oath or affirmation is to be “administered in a form calculated to awaken the witness’ conscience and impress the witness’ mind with the duty to do so.”  
Id.
  Persons authorized to administer oaths in recorded court proceedings are governed by N.D. Sup. Ct. Admin. R. 25 and N.D.C.C. § 44-05-

01(7).

[¶15] Here, the court would not allow Delkamp to testify because no one was onsite with Delkamp to administer her oath or verify her identity other than her child.  Considering the important function served by the proper administration of an oath or affirmation to a witness, we hold the district court did not act arbitrarily, unconscionably, or unreasonably under the circumstances by denying Lawrence’s request to call Delkamp as a witness.  We do not now determine the validity of telephonically-administered oaths under Rule 43(a).  
Cf.
 
Gregg v. Gregg
, 776 P.2d 1041 (Alaska 1989) (holding that a judge may administer oaths telephonically under Alaska civil rules).  We hold that, under the facts and circumstances of this case, it was within the district court’s discretion to determine there were not adequate safeguards in place and to deny Lawrence’s request to call Delkamp to testify.

[¶16] In addition, we note that Lawrence never objected to Delkamp’s appearance by telephone.  He also could have taken steps to ensure Delkamp was available as a witness by giving reasonable notice requesting the court permit Delkamp to testify as a witness telephonically and by arranging for appropriate safeguards.  
See
 N.D.R.Civ.P. 43 (stating, “[n]otice must be given to the other parties as soon as reasonably possible for testimony by contemporaneous transmission . . .”).  Rule 43(a), N.D.R.Civ.P., requires not only appropriate safeguards, but also good cause shown in compelling and unexpected circumstances.  This case does not present an unforeseen need for the testimony of a remote witness.  Both Delkamp and Lawrence had previously submitted affidavits and evidence to support their motions for contempt.  The court noted that the only new piece of evidence provided at the hearing on the contempt issue was Lawrence’s own testimony that he did not have eyeglass insurance coverage.  Lawrence did not present any evidence to support good cause or compelling and unexpected circumstances to justify Delkamp’s telephonic testimony.

IV

[¶17] We hold the district court did not abuse its discretion by denying Lawrence’s request to call Delkamp to testify telephonically.  Under N.D.R.Civ.P. 43(a), a district court may allow witnesses to testify telephonically.  However, the admissibility of telephonic testimony is conditioned on good cause in compelling circumstances and the availability of appropriate safeguards.  In this case, the district court determined it was appropriate to have a third party available onsite with Delkamp to identify her and administer an oath to her before the court would allow her to testify telephonically.  This determination was made within the district court’s discretion.  We, therefore, affirm the district court’s March 9, 2007, order.

[¶18] Mary Muehlen Maring

Carol Ronning Kapsner

VandeWalle, Chief Justice, concurring specially.

[¶19] 
It seems inherently unfair to allow Delkamp to appear by telephone, cross-

examine Lawrence and, in so doing, make statements that appear to be testimonial, but disallow Lawrence to, in turn, cross-examine Delkamp.  It is particularly disturbing when one of the reasons given by the court is that there was no one onsite to verify the identity of Delkamp on the telephone.  I assume that the identity of Delkamp was verified to the satisfaction of the trial court or the court would not have allowed her to cross-examine Lawrence.  Section 28-14-10, N.D.C.C., and N.D.R.Ct. 6.3 establish the order of trial in a civil case and refer only to the plaintiff and defendant or the parties as persons entitled to participate in the proceedings.  If the trial court did not know it was Delkamp on the telephone cross-examining Lawrence this order should be reversed.

[¶20] Rule 3.2, N.D.R.Ct., under which the motion for contempt was brought, provides at 3.2(b) that “[i]f permitted by the court, a hearing may be held using electronic means, including telephonic conference or interactive television.”  However, when evidence is to be taken and the hearing is not merely for the purpose of hearing oral argument, there must be compliance with N.D.R.Civ.P. 43(a).  Rule 3.2 and Rule 43(a) both require approval of the trial court.  Lawrence gave no notice to Delkamp that her testimony would be taken by contemporaneous transmission and the approval of the trial court was not obtained as required by N.D.R.Civ.P. 43(a).  Had that notice been given and approval obtained, the trial court would have been in a position to determine the proper administration of the oath to Delkamp.

[¶21] I am persuaded that the result in this case is the correct result notwithstanding the apparent unfairness.  Lawrence may have been misled by the trial court’s approval of Delkamp’s request to “appear” by telephone, but approval of a party’s “appearing” by telephone is not coterminous with testifying by telephone.  The words “appear,” “appearing,” or “appearance” are words of art in the legal sense.  
Black’s Law Dictionary
 94 (7th ed. 1999) defines “appearance” as “[a] coming into court as a party or an interested person, or as a lawyer on behalf of a party or interested person.”  There are a number of cases in which this Court has written on whether or not a party has made an “appearance” for purposes of requiring notice before default judgment may be entered.  Generally we have broadly construed the term “appearance” for that purpose.   
See
 
State v. $33,000 U.S. Currency
, 2008 ND 96, and cases cited therein.  It is apparent that consent to an “appearance” by telephone is not synonymous with a more limited and focused requirement in Rule 43(a) to obtain the trial court’s consent before a witness may testify by telephone.

[¶22] Under the circumstances of this case had I been the trial judge I might have allowed Lawrence to cross-examine Delkamp after having placed her under oath.  However, in view of N.D.R.Civ.P. 43(a), I cannot conclude the trial court abused its discretion in refusing to do so when there was no prior notice or request by Lawrence.

[¶23] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Sandstrom, Justice, dissenting.

[¶24] I agree with the specially concurring opinion that the proceeding in the district court was fundamentally unfair.  Because the proceeding was fundamentally unfair, we should reverse the district court even if we think the result may have been the same had the proceeding been fair.  
Sandbeck v. Rockwell
, 524 N.W.2d 846, 853 (N.D. 1994) (Sandstrom, J., dissenting) (“Procedural due process requires notice and a meaningful opportunity for a hearing appropriate to the nature of the case.”  
State v. One Black 1989 Cadillac
, 522 N.W.2d 457, 463 (N.D. 1994)).  “Respect for law and human dignity can best be fostered by a process that is fair and just.”  
Rockwell
, at 852.

[¶25] I would reverse and remand for a fair proceeding.

[¶26] Dale V. Sandstrom