# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 72

In the Interest of A.P.D.S.P.-G., a Child

| | |
|---|---|
| Grand Forks County Social Service Center, | Petitioner and Appellee |
| v. | |
| A.P.D.S.P.-G, Child;  T.C., Father, | Respondents |
| and | |
| T.P.-G., Mother | Respondent and Appellant |

## No. 20200015

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Thomas A. Gehrz, Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee; submitted on brief.

Rhiannon L. Gorham, Grand Forks, ND, for respondent and appellant; submitted on brief.

# Interest of A.P.D.S.P.-G.
## No. 20200015

**McEvers, Justice.**

[¶1]   T.P.-G. appeals from a judgment terminating her parental rights.   On appeal, T.P.-G. argues she was denied due process and the juvenile court erred by denying her request to appear by telephone.   We affirm the judgment.

I

[¶2]   A petition for involuntary termination of parental rights to a child, A.P.D.S.P.-G., was filed in the juvenile court.   After a trial date was set, the mother, T.P.-G, filed a request to appear by phone because she lives in Wisconsin.   The court denied the request.

[¶3]   At trial, counsel stated T.P.-G. wished to contest the termination, regardless of whether she was able to attend the trial.   Counsel stated T.P.-G. regretted being unable to attend, but T.P.-G. was saving her money to travel to see A.P.D.S.P.-G. for his birthday.   After trial, the juvenile court found A.P.D.S.P.-G. was a deprived and abandoned child and terminated T.P.-G.'s parental rights to the child.

II

[¶4]   T.P.-G. argues she was denied due process and the juvenile court erred by denying her request to appear by telephone.   T.P.-G. was represented by counsel and did not argue to the court that T.P.-G.'s due process rights were violated by not allowing her to appear by telephone.   T.P.-G. did not preserve the issue for appeal.   *Interest of T.T.*, 2004 ND 138, ¶ 8, 681 N.W.2d 779 ("[I]ssues not raised in juvenile court, even constitutional issues, generally will not be addressed on appeal.").

[¶5]   The question remains whether the juvenile court abused its discretion by not allowing T.P.-G. to appear by telephone.

> A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the

product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion.

*Interest of B.H.*, 2018 ND 178, ¶ 6, 915 N.W.2d 668.

[¶6] The State contends that T.P.-G.'s argument would essentially require all requests for telephonic appearances to be granted. A juvenile court has power to control proceedings with its "inherent power to maintain order in the courtroom." *State v. Zahn*, 1997 ND 65, ¶ 13, 562 N.W.2d 737. This Court has previously agreed that a court is not obligated to ensure parties appear. *See St. Claire v. St. Claire*, 2004 ND 39, ¶ 8, 675 N.W.2d 175.

[¶7] The juvenile court denied T.P.-G.'s request to appear telephonically, stating "it's important for her to be here, certainly, for trial as I would need to assess her credibility in person." Under N.D.R.Juv.P. 10(a)(3), a parent of a child must be present at a hearing unless excused by the court. T.P.-G. was not excused by the court. While the court may allow the presence of a parent by reliable electronic means under N.D.R.Juv.P. 10(c), the court is not required to do so. We have recognized that although our rules may permit testimony by telephone, there are shortcomings. *Lawrence v. DelKamp*, 2008 ND 111, ¶ 10, 750 N.W.2d 452 (discussing testimony by telephone does not allow the trier of fact to see whether the witness is relying on notes or documents and is put in a difficult if not impossible position to assess the demeanor of the witness to determine credibility).

[¶8] T.P.-G. was given an opportunity to appear. T.P.-G. could have appeared in person, but chose not to do so. The juvenile court has the power to control its proceedings. While the court had to provide T.P.-G. with an avenue to appear, it did not have a duty to ensure her presence. The court did not abuse its discretion by denying T.P.-G.'s request to appear by telephone.

III

[¶9]   The juvenile court's judgment is affirmed.

[¶10] Lisa Fair McEvers
       Gerald W. VandeWalle
       Jerod E. Tufte
       Carol Ronning Kapsner, S.J.
       Jon J. Jensen, C.J.

[¶11] The Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., disqualified.