# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 115

In the Interest of K.C. III, a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| T.A., Mother | Respondent and Appellant |
| and | |
| K.C. II, Father, | Respondent and Appellee |

## No. 20210122

In the Interest of E.C., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| T.A., mother | Respondent and Appellant |
| and | |
| K.C. II, Father, | Respondent |

## No. 20210123

In the Interest of H.A., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| T.A., mother, | Respondent and Appellant |
| and | |
| K.C. II, Father, | Respondent |

---
No. 20210124
---

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Per Curiam.

Maren H. Halbach, Assistant State's Attorney, Devils Lake, ND, for petitioner and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for respondent and appellant T.A; submitted on brief.

## Interest of K.C. III, E.C., and H.A.
## Nos. 20210122-20210124

**Per Curiam.**

[¶1] T.A. appealed from a juvenile court's findings of fact and orders terminating her parental rights to K.C. III, E.C., and H.A. On appeal, T.A. argues the court abused its discretion when it denied a continuance and held a hearing without the presence of the father, K.C. II. Additionally, T.A. argues the court erred when it found the State met its burden of proof for the terminations.

[¶2] We conclude the juvenile court did not abuse its discretion by denying T.A.'s request for a continuance due to K.C. II's absence at the hearing. *See Interest of A.P.D.S.P.-G.*, 2020 ND 72, ¶ 8, 940 N.W.2d 602 (holding a court did not have a duty to ensure a parent appeared for a termination proceeding). The State's evidence was sufficient to prove by clear and convincing evidence the children are deprived, the conditions and causes of the deprivation are likely to continue, and the children are suffering, or will in the future probably suffer, serious physical, mental, moral, or emotional harm as required for the termination of parental rights under N.D.C.C. § 27-20-44(1)(c). The State's evidence was also sufficient to prove beyond a reasonable doubt that the continued custody of the children by T.A. is likely to result in serious emotional or physical damage to the children under the Indian Child Welfare Act, 25 U.S.C. § 1912(f). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
William A. Neumann, S.J.

[¶4] The Honorable William Neumann, S.J., sitting in place of Crothers, J., disqualified.

1