2008 ND 225

## In the Matter of Lila PETERSON'S DOGS

**Lila Peterson, Appellant**

v.

**State of North Dakota, Appellee.**

No. 20080094.

Supreme Court of North Dakota.

Dec. 16, 2008.

Justin J. Vinje (argued) and Ralph A. Vinje (on brief), Vinje Law Firm, Bismarck, N.D., for appellant.

Julie Ann Lawyer, Assistant State's Attorney and Sarah Schaar (on brief), third-year law student, Bismarck, N.D., for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Lila Peterson appealed from a district court order cancelling a hearing on the disposition of dogs seized at her residence. Peterson argues the district court erred in determining she voluntarily agreed to relinquish ownership of her dogs and she was not entitled to a hearing under N.D.C.C. § 36–21.1–06. We conclude Peterson was entitled to a hearing, and we reverse and remand for further proceedings.

## I

[¶ 2]   On March 1, 2008, Burleigh County deputy sheriffs went to Peterson's home to investigate allegations regarding the care of multiple dogs at her residence and to remove the dogs from her care.  Peterson signed a form entitled "relinquishment of ownership," which stated "I . . . voluntarily agree to relinquish ownership of dogs to the Burleigh County Sheriff's Department.  I understand that this donation is permanent and I have no further claims or interests in these animals or their offspring."   The deputies also gave Peterson a form entitled "notice of confiscation of animals," which said:

> Notice is hereby given that all of the dogs being confined at your residence . . . are hereby confiscated by the Burleigh County Sheriff's Department, pursuant to the authority of Section 36–21.1–06 of the North Dakota Century Code for failure to provide necessary care for said animals.
>
> You are further advised that said dogs may be sold or otherwise disposed of pursuant to court order if they have not been redeemed within 5 days, and that the animals will only be returned to you if the Burleigh County District Court determines that you can provide adequate care for said animals.
>
> You must contact the Burleigh County Sheriff's Department within 5 days from the date of this order of your intent to redeem said animals.

The notice of confiscation was signed by the Burleigh County sheriff.

[¶ 3]   Peterson sent the sheriff a response to the notice of confiscation on March 6, 2008.  She claimed the sheriff's department was not authorized to take the animals, there was no evidence the animals were exposed to cold or inclement weather or that they were not properly fed and watered, and she did not own some of the animals.  She demanded an immediate return of the animals or a court hearing to determine whether the animals were properly confiscated.

[¶ 4]   On March 11, 2008, Peterson petitioned the district court for a hearing on the disposition of the animals under N.D.C.C. § 36–21.1–06.  A hearing was scheduled.  The State responded, requesting the "hearing be dismissed."   The State argued the dogs were not confiscated under N.D.C.C. § 36–21.1–06(1), Peterson voluntarily relinquished ownership of the dogs, she did not have a cause of action under N.D.C.C. § 36–21.1–06, and she was not entitled to a hearing.  A copy of the signed relinquishment of ownership was attached to the State's response.  On March 17, 2008, the district court cancelled the hearing finding, "Lila Peterson voluntarily agreed to relinquish ownership of her dogs to the Burleigh County Sheriff's Department.  She is not entitled to a hearing under Section 36–21.1–06, N.D.C.C."

[¶ 5]   Peterson appealed on April 21, 2008.  In June 2008, Peterson moved to supplement the record on appeal under N.D.R.App.P. 10(h) to include the notice of confiscation, Peterson's March 6, 2008, response to the sheriff, and her response to the State's response to the petition for hearing and request for the hearing to be reset.  Affidavits from Peterson, her husband, and a friend were attached to Peterson's response.  Peterson's response and request to reset the hearing was dated March 18, 2008, and as part of her motion to supplement the record, she said her response and the affidavits were sent to the State and the court administrator's office but were not included with the record on appeal.  The parties agreed to supplement the record, and the district court ordered the exhibits be made part of the court record.

## II

■ [¶ 6] Peterson argues the district court erred in finding she voluntarily relinquished her ownership rights to the dogs and the court was required to hold a hearing before determining voluntariness. She seeks a remand for further proceedings.

[¶ 7] Animals may be confiscated in certain circumstances under N.D.C.C. § 36–21.1–06, which provides, in part:

1. Any sheriff, police officer, licensed veterinarian, or investigator may take custody of and care for any animal unjustifiably exposed to cold or inclement weather or not properly fed and watered. . . .

3. If the owner or the owner's agent is known, the individual must be immediately notified. If the owner or the owner's agent is unknown, notice must be given by publication in the manner prescribed by law. The notice must inform the owner or the owner's agent that the animal may be sold, or otherwise disposed of, pursuant to court order if the animal is not redeemed within five days from the date of the notice.

4. The sheriff, police officer, licensed veterinarian, investigator, or whoever has custody of the animal has a lien on the animal and that lien is superior to any other claim or lien, for the animal's care and keeping, the reasonable value of the food and drink furnished, and the expenses of notifying the owner or the owner's agent. If the lien is not discharged and satisfied by the owner or the owner's agent within five days after receipt of the notice, the person holding the claim may apply to the district court for an order to sell the animal and discharge the lien.

5. Upon order of the court, the animal may be sold at a public market to pay the charges for its keeping, and the title to the animal passes by the sale.

. . . .

8. Before the animal is returned to its owner, the court shall determine whether the owner or the owner's agent can provide adequate care for the animal. The court has ten days within which to make this determination. The owner shall pay the cost of taking the animal into custody before the animal is released to the owner or the owner's agent.

When an animal has been confiscated for one of the reasons enumerated in N.D.C.C. § 36–21.1–06(1), the plain language of that statute contemplates court proceedings either for an order allowing the animal to be disposed of or sold, or for the court to determine whether the animal can be returned to the owner. N.D.C.C. § 36–21.1–06(3), (5), and (8). *See also Hearing on S.B. 2300 Before the Senate Agriculture Comm.*, 57th N.D. Legis. Sess. (Feb. 1, 2001) (testimony of Larry Schuler, State Veterinarian and Executive Officer of the State Board of Animal Health) (written and oral testimony about time line for court hearing).

■ [¶ 8] The State argues Peterson's dogs were not confiscated under N.D.C.C. § 36–21.1–06(1) and the confiscation statute does not apply because Peterson voluntarily relinquished her ownership rights to the animals. A person generally may waive her property rights. *See* N.D.C.C. § 1–01–08; *Lawrence v. Delkamp*, 2006 ND 257, ¶ 8, 725 N.W.2d 211. " 'A waiver occurs when a person voluntarily and intentionally relinquishes a known right or privilege.' " *Lawrence*, at ¶ 8 (quoting *Pfeifle v. Tanabe*, 2000 ND 219, ¶ 18, 620 N.W.2d 167). The existence of a waiver is generally a question of fact. *Paulson v. Paulson*, 2005 ND 72, ¶ 6, 694 N.W.2d 681. If Peterson voluntarily relin-

quished or waived all ownership rights to the animals, the confiscation statute would not apply, she would not be entitled to a hearing, and she would have to bring a cause of action to get the dogs back.

[¶ 9] However, Peterson argues she did not voluntarily relinquish ownership of the dogs and the dogs were confiscated under N.D.C.C. § 36–21.1–06. The notice of confiscation the sheriff's department left at Peterson's home advised her that the dogs were confiscated under N.D.C.C. § 36–21.1–06, she had five days to redeem the dogs before they would be sold or disposed of, and she must contact the sheriff's department within five days if she intended to redeem the animals. The notice of confiscation advised Peterson that the procedures for seeking return of the animals under N.D.C.C. § 36–21.1–06 applied, and she followed the statutory procedures to attempt to redeem the animals. Peterson sent the Burleigh County sheriff a response to the notice of confiscation within five days, claiming the dogs were not unjustifiably exposed to cold or inclement weather and had been properly fed and watered, demanding return of the animals, and requesting a court hearing if the animals were not immediately returned. Peterson petitioned the district court for a hearing on the confiscation of the animals within ten days after their removal from her home. The sheriff's department gave her notice that she could redeem the dogs, and she followed the statutory procedures to secure a hearing to redeem the animals.

[¶ 10] Here, the deputy sheriffs left Peterson notice that the animals could be redeemed, but she also signed a form stating she relinquished ownership of the animals. The notice of confiscation of animals and the relinquishment of ownership are inconsistent. If Peterson voluntarily relinquished her ownership rights to the animals and they were not confiscated un-

der N.D.C.C. § 36–21.1–06, the deputies should not have left the notice of confiscation advising Peterson the animals could be redeemed. This record, as supplemented by the parties and approved by the district court, does not unambiguously establish whether the confiscation statute applies. However, based on the notice of confiscation from the sheriff's department Peterson proceeded as though the animals were confiscated under N.D.C.C. § 36–21.1–06, and we conclude she was entitled to a hearing under that statute to determine whether the animals should be returned to her or whether she voluntarily relinquished ownership of the animals.

[¶ 11] The State nevertheless claims Peterson did not adequately raise the issue of voluntariness, there was no duress or undue influence, and she had the option to wait and have the dogs confiscated but chose to voluntarily sign the relinquishment of ownership form and waive her rights to the animals. For a waiver to be effective it must be voluntary and intentional. *Tormaschy v. Tormaschy,* 1999 ND 131, ¶ 12, 596 N.W.2d 337. The facts of each case must be considered to determine whether an individual voluntarily and intentionally waived her rights. *See, e.g., Lawrence,* 2006 ND 257, ¶¶ 8–12, 725 N.W.2d 211; *Kuperus v. Willson,* 2006 ND 12, ¶¶ 13–14, 709 N.W.2d 726. Waiver under duress is not voluntary. *Cf. Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp.,* 2002 ND 140, ¶ 13, 651 N.W.2d 625 (payment of a judgment under coercion or duress does not constitute a waiver of the right to appeal from the judgment); *St. Anthony & D. Elevator Co. v. Soucie,* 9 N.D. 346, 352–53, 83 N.W. 212, 214–15 (1900) (where an illegal tax is paid to prevent the seizure and sale of the taxpayer's property and the payment is made under protest, the taxpayer may give notice that

the money is paid under duress and a suit may be brought to recover the money).

[¶ 12] In her affidavit, Peterson claimed the deputies told her she could sign a document allowing them to take the animals, or they would get a search warrant and seize the animals. She claimed they told her it would be a lot easier on her if she agreed to let them take the animals, she told them she did not want to sign anything that would result in giving away the dogs, she signed a document but the deputies did not leave a copy of it with her, she did not read or understand what she signed, the deputies only left the notice of confiscation, it was a very stressful and upsetting situation, and she believed she could get the animals back based on the notice of confiscation left at her home. Peterson argues she did not voluntarily relinquish her rights to the dogs, and her affidavit raises a factual dispute about the issue of voluntariness. The district court could not find Peterson voluntarily relinquished ownership of her dogs without allowing her an opportunity to present evidence about whether she voluntarily relinquished her rights to the dogs.

[¶ 13] On this supplemented record, we conclude the district court erred in canceling the hearing and finding Peterson voluntarily relinquished ownership of the animals, and we reverse and remand for further proceedings. On remand, if the district court concludes Peterson did not voluntarily relinquish ownership of the animals, the statutory confiscation procedures must be followed and the court must determine whether Peterson can provide adequate care for the animals before they may be returned.

### III

[¶ 14] We conclude the district court erred in canceling the hearing, and we reverse and remand for further proceedings.

[¶ 15] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.