2010 ND 125

Tina **LENTON**, Petitioner and Appellee

v.

Lance **LENTON**, Respondent and Appellant.

No. 20090294.

Supreme Court of North Dakota.

June 30, 2010.

Michael S. McIntee, Towner, N.D., for petitioner and appellee.

Jennifer M. Stanley, Minot, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] Lance Lenton appeals a domestic violence protection order restraining him from contact with Tina Lenton for two years. We affirm.

I

[¶ 2] Lance and Tina Lenton are separated and seeking a divorce. They have a minor son. On August 18, 2009, by the parties' agreement because no interim custody order was in place, Lance Lenton went to Tina Lenton's office to pick up the child. Tina Lenton refused to let the child leave with Lance Lenton, and a heated argument ensued. Tina Lenton filed a petition for a domestic violence protection order, alleging that after she would not let the child leave with Lance Lenton, he screamed at her, called her vulgarities, and said she would "get what's coming" to her. She also alleged that after she asked Lance Lenton to return a horse trailer, he refused and told her that if she attempted to retrieve anything she "would not walk off the property alive." She stated that she was scared, because Lance Lenton had a violent past, including physical and verbal abuse, and that she had been hiding with her child. The district court issued a temporary domestic violence protection order and set a hearing.

[¶ 3] At the hearing, Tina Lenton testified Lance Lenton had physically and verbally abused her in the past. She testified she had filed for two prior restraining orders, but they were ultimately dismissed, one on the basis of an agreement

that Lance Lenton would go to counseling and quit drinking. Tina Lenton testified she feared for her safety when Lance Lenton told her that she would get what was coming to her and that she would not walk off the property alive if she attempted to retrieve anything. She testified he was "inches from [her] face screaming at [her]" when he said she would get what was coming to her. Lance Lenton testified he has never been physically abusive to Tina Lenton. He testified he did not remember the exact words he said during the argument, but only that it was a "heated debate" and he did not threaten to harm Tina Lenton. He testified he did not tell Tina Lenton she would not leave the property alive if she attempted to retrieve anything, but instead said only that "you will not leave with anything," such as a combine or tractor. He admitted telling Tina Lenton she "would get what's coming" to her.

[¶ 4] The district court issued a permanent protection order for a two-year period, and Lance Lenton appeals.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, N.D.C.C. § 27–05–06, and N.D.C.C. § 14–07.1–02. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–02.

## II

[¶ 6] Lance Lenton argues there was insufficient evidence to support the domestic violence protection order.

### A

[¶ 7] A district court may enter a protection order upon a showing of "actual or imminent domestic violence." N.D.C.C. § 14–07.1–02(4). " 'Domestic violence' includes physical harm, bodily injury, sexual activity compelled by physical force, as-

sault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14–07.1–01(2). The party seeking the protection order must prove actual or imminent domestic violence by a preponderance of the evidence. *Ficklin v. Ficklin*, 2006 ND 40, ¶ 12, 710 N.W.2d 387. Past abusive behavior is a relevant factor for the district court to consider in determining whether domestic violence is actual or imminent. *Id.* The context and history of the relationship between the parties is also relevant. *Id.*

[¶ 8] A district court's finding of domestic violence is one of fact that will not be overturned unless clearly erroneous under N.D.R.Civ.P. 52(a). *Lawrence v. Delkamp*, 2000 ND 214, ¶ 7, 620 N.W.2d 151. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, the reviewing court is left with a definite and firm conviction a mistake has been made. *Lovcik v. Ellingson*, 1997 ND 201, ¶ 10, 569 N.W.2d 697. Whether the district court misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal. *Lawrence*, at ¶ 7.

### B

[¶ 9] The district court based its finding of domestic violence on the argument that occurred on August 18, 2009, between the parties. The district court stated:

According to Tina Lenton's testimony at the hearing, she testified that she has been physically and verbally abused during the course of the parties' marriage, which is approximately six (6) years. Also, she testified that two prior protec-

tion orders were ultimately dismissed (the Court is not aware at what stage these matters were dismissed). Lance disputes that any abuse occurred during the marriage, but he did not dispute that two prior protection orders were dismissed at some point.

The present case involves a primary incident which took place on August 18, 2009, in the city of Granville. Tina was at her office with the couple's minor son. Lance appeared at her office and demanded that she release custody of their son to him. According to Tina, Lance became enraged when she did not allow the release of the minor son, and she testified that Lance came face to face with her and screamed she would "get what's coming to her," if she does not immediately turn over their son to him. Also, Tina testified that Lance stated if she ever goes onto the marital property to retrieve anything, she "would not walk off the property alive." Tina testified she was terrified by Lance's actions and words at that time. He additionally called her [obscenities]. She wrote in her affidavit, "I am scared for my kids and myself, he has a violent past with 2 restraining orders and the physical and verbal abuse. He is a controlling person ... I am not sleeping due to all of this again."

. . . .

In the case at hand, Tina testified she has been subjected to physical and verbal abuse during the course of their marriage. She also testified that she had applied two times before for a protection order against Lance, the last one being as recent as April 2009. Although both protection orders were ultimately dismissed, to the Court, it's an indication of past behavior by Lance and it substantiates Tina's claims of past physical and verbal abuse.

These prior allegations of physical and verbal abuse perpetrated on Tina by Lance, and then the most recent event on August 18, 2009, wherein he was face to face with Tina and screamed she would "get what's coming to her," and calling her [obscenities], and then threatening physical harm to her if she came on the marital property, most definitely would place a person in fear of "actual or imminent" physical harm or assault upon yourself. And as stated in *Ficklin* [*v. Ficklin,* 2006 ND 40, ¶ 16, 710 N.W.2d 387,] and cited in *Steckler* [*v. Steckler,* 492 N.W.2d 76, 81 (N.D. 1992)], the North Dakota Supreme Court has dictated, "that a court need not await a more tragic event to take action ..." *Id.* Therefore, this Court finds that Lance committed an act of domestic violence, as defined by N.D.C.C. § 14–07.1–01, against Tina on August 18, 2009, and the Court will issue a permanent order for a two-year period.

[¶ 10] Threats constitute domestic violence only if they constitute "the infliction of fear of imminent physical harm." N.D.C.C. § 14–07.1–01(2) (defining domestic violence as physical harm or the infliction of fear of imminent physical harm); *see also Lawrence,* 2000 ND 214, ¶ 6, 620 N.W.2d 151. In *Ficklin v. Ficklin,* 2006 ND 40, 710 N.W.2d 387, the appellant made a verbal threat about burning down the family home. Reversing the issuance of a domestic violence protection order, we discussed the difference between a fear of imminent harm and a threat of future conduct:

The court made no findings with respect to the imminent nature of a threat of physical harm. The court made no findings about a history of physical harm or bodily injury. The court's findings rest solely on a perceived possibility—a "danger" or a "credible threat" of domestic violence—rather than a reason-

able fear of actual or imminent harm as required by statute. . . .

John Ficklin's statement about burning down the home is distinguishable from the verbal threats found in our past cases to support the issuance of a domestic violence protection order. In *Lovcik* [*v. Ellingson*], we recognized that statements were sufficient to support a finding of domestic violence because of the threat of imminent physical harm. 1997 ND 201, ¶¶ 12–13, 569 N.W.2d 697. But the facts in *Lovcik* are distinguishable from this case. In *Lovcik*, a previous protection order had been entered against the father for committing violent physical acts of aggression against the mother, including pushing her against a wall, choking her while she was holding one of the children, and pushing her to the ground. *Id.* at ¶ 3. After the parties had attended a court hearing on custody and child support modification, the father became angry and made several hostile telephone calls to the mother using harassing and derogatory language. *Id.* at ¶ 7. The series of angry threatening calls made the mother immediately fear for her safety. *Id.* at ¶ 8. She "became nauseated and shook from fear," and she immediately locked all doors and windows of the home and called the police to request protection. *Id.* at ¶¶ 8, 12. The court found the father's harassing calls caused the mother to have fear of imminent physical harm and also found that her fear was reasonable because of her past experience of having been physically abused by the perpetrator. *Id.* at ¶ 13. We affirmed the court's finding of domestic violence, concluding under the clearly erroneous standard of review the evidence supported the court's finding there was a fear of imminent physical harm.

The facts of this case are much closer to the facts in *Lawrence v. Delkamp* where the relevant threat made by the father was that he would "beat the crap out of" the mother. 2000 ND 214, ¶ 5, 620 N.W.2d 151. Lawrence also told the mother that he could "eliminate" their son in a boating accident, and that the mother would not see her son again. *Id.* He threatened not to return the child to his mother unless she let him claim the child as an exemption on his tax return. *Id.* The court made no finding of physical violence and made no finding that "at the time Lawrence made the threats Delkamp was put in fear of immediate or soon to be inflicted physical harm." *Id.* at ¶¶ 6, 10. Because the threats were of future conduct, even though the remarks were "serious and reprehensible," we held that the court was clearly erroneous when it determined that the threats could be defined as actual or imminent domestic violence. *Id.* at ¶¶ 8, 12.

. . . .

Although there is evidence to support a finding that Angela Ficklin was in fear, there is *no evidence in the record* that her fear was of imminent harm. Angela Ficklin's testimony was that John Ficklin said he would burn the home down if he did not get to keep it. The use of the word "would" implies a future event, not an immediate burning. Furthermore, Angela Ficklin's actions after the comment was made suggest her fear was not of an imminent threat. She stayed in the home after John Ficklin made the statement and did not attempt to leave. Because of the court's misinterpretation of the statute and the court's inadequate findings, the issuance of the domestic violence protection order was clearly erroneous.

*Ficklin v. Ficklin*, 2006 ND 40, ¶¶ 18–22, 710 N.W.2d 387.

[¶ 11] Although the district court's order is not as clear as it might be, we

interpret it as finding Tina Lenton's testimony that she had been the victim of past physical violence credible. Considering the past physical violence and the context of the relationship between the parties, we cannot say the district court clearly erred in finding that Lance Lenton's conduct was sufficient to place Tina Lenton in fear of imminent physical harm. The facts are analogous to those of *Wolt v. Wolt*, 2010 ND 33, 778 N.W.2d 802, in which this Court affirmed the issuance of a domestic violence protection order on the basis of threats. In *Wolt*, the record reflected a prior history of physical violence, threats by the appellant, a contentious divorce, and a previous disorderly conduct restraining order. *Wolt v. Wolt*, 2010 ND 33, ¶ 28, 778 N.W.2d 802. Similarly, here the parties were in the middle of a contested divorce proceeding when Lance Lenton, who Tina Lenton testified had a history of past physical violence, stood inches from her face, called her obscenities, and screamed that she would "get what's coming" to her. The district court's finding of domestic violence is supported by evidence in the record and is not clearly erroneous.

[¶ 12] We emphasize that when a finding of domestic violence is based solely on fear, the fear must be of imminent physical harm. Section 14–07.1–02(4), N.D.C.C., provides that a district court may enter a protection order "[u]pon a showing of actual or imminent domestic violence." "Domestic violence" is defined as including "physical harm" or "the infliction of fear of imminent physical harm." N.D.C.C. § 14–07.1–01(2). The statutory definition plainly requires that for infliction of fear to rise to the level of domestic violence, the fear must be of "imminent physical harm." N.D.C.C. § 14–07.1–01(2). We are concerned that some of our prior opinions may be misinterpreted as stating that when a finding of domestic violence is based on fear alone, infliction of fear of "actual harm" meets the standard. *See, e.g., Wolt v. Wolt*, 2010 ND 33, ¶ 19, 778 N.W.2d 802 ("Under N.D.C.C. § 14–07.1–02(4), when the 'domestic violence' justifying a protection order is premised on 'fear,' the harm feared by the petitioner must be 'actual or imminent.' "); *Ficklin v. Ficklin*, 2006 ND 40, ¶ 13, 710 N.W.2d 387 ("When the type of domestic violence justifying a domestic violence protection order is based upon fear, the harm feared by the petitioner must be 'actual or imminent.' "). We emphasize that a finding of domestic violence may be based on actual harm, or the infliction of fear of imminent harm, or both, but may not be based solely on the infliction of fear of actual harm that may occur at some indefinite time in the future. "Actual" physical harm is not necessarily "imminent" physical harm, but could be physical harm occurring at some indefinite time in the future. Section 14–07.1–01(2), N.D.C.C., plainly requires that for infliction of fear to rise to the level of domestic violence, the fear must be of "imminent physical harm." N.D.C.C. § 14–07.1–01(2).

[¶ 13] Here the district court found Lance Lenton's statements to Tina Lenton "most definitely would place a person in fear of 'actual or imminent' physical harm or assault." After the hearing, the district court requested briefs from the parties "relative to the issue of 'the infliction of fear of imminent physical harm,' " as applicable in light of *Ficklin*. Tina Lenton argued in her brief that she "reasonably believed that Lance intended to harm her at that time or at least that day if the child were not returned to him" and that the threat made by Lance Lenton "was immediate and was a threat of domestic violence." Lance Lenton argued in his brief he did not make any threats of violence, and even if the district court found he had, any such threats were of "future conduct." The court noted in its memorandum opinion that it required briefs from the parties

on the issue of "the infliction of fear of imminent physical harm," and the court's memorandum opinion as a whole reflects that it viewed the threats as of imminent physical harm, not merely actual physical harm that could occur at some indefinite time in the future. There is evidence in the record to support a finding that Lance Lenton's conduct was sufficient to place Tina Lenton in fear of imminent physical harm.

## III

[¶ 14]   The district court's finding of domestic violence is not clearly erroneous. We have considered the remaining arguments and determine they are either unnecessary to our decision or without merit.

[¶ 15]   The domestic violence protection order is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.