# IN THE SUPREME COURT STATE OF NORTH DAKOTA

### 2019 ND 251

Brianne Clarke,                                                                    Petitioner

v.

Jared Taylor,                                               Respondent and Appellant

### No. 20190070

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann Edward Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Brianne Clarke, petitioner; no appearance.

Markus A. Powell, Dickinson, N.D., for respondent and appellant.

**Clarke v. Taylor**
No. 20190070

**Tufte, Justice.**

[¶1]   Jared Taylor appeals from a domestic violence protection order prohibiting him from coming within 300 feet of Brianne Clarke for two years. We affirm, concluding the district court's findings are sufficient to support the issuance of a protection order.

I

[¶2]   In February 2019, Brianne Clarke petitioned the district court for a domestic violence protection order against Taylor. Clarke stated she had been dating Taylor for approximately 16 months. Clarke alleged that after returning to Taylor's house from a party, they began arguing. Clarke alleged Taylor put his hand on a gun and told her to leave. Clarke stated she left the house because she feared for her life and safety. Taylor submitted an affidavit denying Clarke's allegations. After a hearing, the court found Taylor committed domestic violence by threatening Clarke and issued a domestic violence protection order. The order prohibited Taylor from coming within 300 feet of Clarke for two years.

II

[¶3]   Taylor argues the district court erred in finding he committed domestic violence. He claims the court failed to make a specific finding about the threat made to Clarke and failed to find that Clarke was in actual or imminent fear of harm.

[¶4]   A district court's finding of domestic violence is a finding of fact that will not be disturbed on appeal unless it is clearly erroneous. *Wolt v. Wolt*, 2010 ND 33, ¶ 17, 778 N.W.2d 802. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶5]   An action under N.D.C.C. ch. 14-07.1 for a domestic violence protection order is a civil action primarily for injunctive relief. *Niska v. Falconer*, 2012 ND 245, ¶ 9, 824 N.W.2d 778. Under N.D.C.C. § 14-07.1-01(2), domestic violence is defined as "physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense." "Threats constitute domestic violence only if they constitute the infliction of fear of imminent physical harm." *Niska*, at ¶ 12 (quoting *Lenton v. Lenton*, 2010 ND 125, ¶ 10, 784 N.W.2d 131). When domestic violence is based on fear, the harm feared by the petitioner must be actual or imminent. *Niska*, at ¶ 9.

[¶6]   The district court issued a protection order on a fill-in-the-blank standard form, leaving blank the area for specific findings of domestic violence. On the record at the hearing on Clarke's petition, the court found that Taylor threatened Clarke by putting his hand on a gun and telling her to leave the house:

> The law is replete with cases where it's sufficient that the court, under the circumstances that's presented, you can come to the conclusion as a result of implications, innuendo and the like, that this is a threat. And if, in fact, this was a situation where, as Miss Clarke says, Mr. Taylor put his hand on a gun while he's making comments to her to the effect, get the F out, I have virtually no trouble construing that as a threat. That is a threat. It's in the context of a domestic relationship. It is domestic violence if it's true.
> . . . .
> I've concluded that there was domestic violence. There was a threat made, and that she's entitled to a domestic relations protection order.

[¶7]   The district court found that Taylor threatened Clarke; however, the court did not specifically find whether the threat inflicted fear of imminent physical harm or bodily injury to Clarke. *See Niska*, 2012 ND 245, ¶ 12, 824 N.W.2d 778 (stating threats must inflict fear of imminent physical harm to constitute domestic violence).

[¶8]   Under N.D.R.Civ.P. 52(a), the district court is required to make findings of fact and conclusions of law sufficient to enable this Court to understand the factual determinations made by the district court and the basis for its conclusions of law and the judgment or order entered thereon. *Matter of Kulink*, 2018 ND 260, ¶ 7, 920 N.W.2d 446. The court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the district court's decision. *Id.*

[¶9]   Here, the preprinted order form includes the following:

> Petitioner has shown, by a preponderance of the evidence, that actual and imminent domestic violence has occurred sufficient to justify the issuance of this Order. Specifically, the Court finds that the following acts committed by Respondent constitute domestic violence as defined in North Dakota Century Code section 14-07.1-01.1(3):
> (Narrative to be completed by judge)

This part of the form was left blank. When a district court makes its detailed findings on the record, a written order need not repeat all findings. Although the written order does not reference or incorporate prior findings made on the record, we may consider both the court's oral and written findings in support of its decision. *Interest of B.H.*, 2018 ND 178, ¶ 5, 915 N.W.2d 668. The court found on the record that Taylor threatened Clarke but did not explicitly find whether Taylor's threat caused Clarke to fear imminent physical harm.

[¶10] Clarke's sworn petition asserted:

> [Taylor] had never threatened me with a gun before. He has yelled at me, thrown and broken things before but this escalated to a new level and I did not know what was going to happen next but I knew nothing good. Out of fear for my life and safety I just got out of there as quick as I could.

Clarke also testified at the hearing about the threat:

> THE COURT: All right. Mr. Powell's suggesting there was no threat. What was the threat?

3

THE PETITIONER: Just him placing his hand on the gun. He'd never done that before. There'd been yelling. There'd been throwing things. There's been slamming doors and breaking things, but I mean, it's a new — and I think that's what I meant by it's just escalated. And I don't know what's next. He has a lot of guns. He's not shy about how many guns he has and how he uses them. I just — this is new, and it's scary.

[¶11] Although the district court did not specifically find Clarke feared actual or imminent harm, the court ultimately found that Taylor's threat constituted "domestic violence" as defined by statute. The court stated "my first reading of the complaint tells me that, if this is true, it's domestic violence." Clarke's sworn petition stated she feared for her life and safety after Taylor put his hand on the gun. After reviewing the record, it appears the court made its ultimate finding of domestic violence on the basis of Clarke's fear of imminent physical harm after Taylor put his hand on the gun while telling her to "get the F out" of the house. The court's findings lack specificity; however, we understand the rationale for its decision that Taylor committed domestic violence. *See VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶ 27, 672 N.W.2d 445 (Although a court's findings of fact should be specifically stated, lack of specificity alone does not make them erroneous if we can understand from them the factual basis for the court's decision.).

III

[¶12] We conclude the district court's finding of domestic violence was not induced by an erroneous view of the law, nor are we left with a definite and firm conviction a mistake has been made. Our review of the record shows that Clarke presented sufficient evidence showing domestic violence by threat of imminent physical harm. We affirm the domestic violence protection order.

[¶13] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.

4