# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 309

Nicole A. Lindstaedt,                                        Petitioner

     v.

Terry F. George,                            Respondent and Appellant

## No. 20200127

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Nicole A. Lindstaedt, petitioner; no appearance.

Kara E. Brinster, Carrington, N.D., for respondent and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   Terry F. George appeals a domestic violence protection order entered against him, claiming the district court erred, without properly explaining the factual basis for its decision, in finding that a preponderance of the evidence supported that actual or imminent domestic violence had or would occur. We affirm the domestic violence protection order.

I

[¶2]   Nicole A. Lindstaedt and George were in a dating relationship for approximately four years. They lived together and had a child in common. In February 2020, Lindstaedt petitioned for a domestic violence protection order against George. She alleged George choked her, punched her, threatened to kill her, and forced her to have sex with him. After a hearing, the district court found George had committed domestic violence and issued a protection order against him. The order prohibited George from having contact with Lindstaedt for two years.

II

[¶3]   "A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous." *Ficklin v. Ficklin*, 2006 ND 40, ¶ 11, 710 N.W.2d 387. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, the reviewing court is left with a definite and firm conviction a mistake has been made." *Lovcik v. Ellingson*, 1997 ND 201, ¶ 10, 569 N.W.2d 697. "Whether the [district] court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal." *Ficklin*, at ¶ 11.

[¶4]   "The party seeking the protective order must prove actual or imminent domestic violence by a preponderance of the evidence." *Lovcik*, 1997 ND 201, ¶ 11. A relevant factor to consider is past abusive behavior, but it is not

dispositive. *Id.* at ¶ 16. Another relevant factor is the context and history of the relationship between the parties. *Ficklin*, 2006 ND 40, ¶ 12.

[¶5]  There must be a "showing of actual or imminent domestic violence" before a court may enter a protection order. N.D.C.C. § 14-07.1-02(4). "Domestic violence" is statutorily defined under N.D.C.C. § 14-07.1-01(2) as including:

> physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members.

A district court trying an action upon the facts without a jury "must find the facts specially." N.D.R.Civ.P. 52(a)(1). A district court must make findings of fact sufficient to enable an appellate court to understand the factual determinations made by it and the basis for its conclusions of law. *Hanneman v. Nygaard*, 2010 ND 113, ¶ 19, 784 N.W.2d 117. When there is conflicting or disputed evidence, detailed findings are particularly important because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility. *See Cass County State's Attorney v. R.A.S. (In re R.A.S.)*, 2008 ND 185, ¶ 8, 756 N.W.2d 771.

[¶6]  The domestic violence protection order findings of fact state only that the acts constituting domestic violence were "[r]ecent physical and verbal assaults as testified to on the record. And for the reasons stated on the record." "When a district court makes its detailed findings on the record, a written order need not repeat all findings." *Clarke v. Taylor*, 2019 ND 251, ¶ 9, 934 N.W.2d 414. On the record, the district court found that "[s]he testify [sic] that he choked or threatened to kill her; hit her, had nonconsensual sex with her." The court further stated that ". . . when he came back, she was packing things to leave. She wanted out of there. So with his testimony, I feel like somewhat corroborates that she wanted to leave." The court did not address the testimony of George's witness, Jason Burndt, which directly contradicted some of Lindstaedt's testimony as to when the domestic violence occurred. George

2

argues "[t]he court erred egregiously in determining the credibility of Lindstaedt at the hearing." The court granted the protection order based in part upon recent events of verbal and physical abuse, so the court must have found her testimony to be credible. *Odden v. Rath*, 2007 ND 51, ¶ 22, 730 N.W.2d 590. This Court "give[s] great deference to a factfinder's opportunity to observe the witnesses and determine credibility." *Id.* "We will not reexamine findings of fact made by the trial court upon conflicting evidence, and a choice between two permissible views of the weight of the evidence is not clearly erroneous." *Buzick v. Buzick*, 542 N.W.2d 756, 758 (N.D. 1996). "[T]his Court will not reverse simply because it may have viewed the evidence differently." *See Swanson v. Swanson*, 2019 ND 25, ¶ 5, 921 N.W.2d 666 (citing *Rebel v. Rebel*, 2013 ND 116, ¶ 9, 833 N.W.2d 442). Although the court's findings lack specificity, we understand the rationale for its decision that George committed domestic violence. *Clarke*, 2019 ND 251, ¶ 11.

## III

[¶7] We conclude the district court's finding of domestic violence was not induced by an erroneous view of the law, nor are we left with a definite and firm conviction a mistake has been made. Our review of the record shows that Lindstaedt presented sufficient evidence for the district court to find domestic violence by recent physical harm and nonconsensual sex. We affirm the domestic violence protection order.

[¶8]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte