# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 88

Lori Rae Legacie-Lowe,
                                                      Petitioner and Appellee

v.

Jerome William Lowe, Jr.,
                                                      Respondent and Appellant

## No. 20220314

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Ulysses S. Jones, Devils Lake, ND, for petitioner and appellee.

Challis D. Williams, Grand Forks, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   Jerome Lowe, Jr. appeals from a domestic violence protection order, arguing the district court erred in granting the order and failed to make sufficient findings to enable this Court to properly review the order. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand with instructions for the district court to make sufficient findings to enable our review of the order.

I

[¶2]   In September 2022, Lori Legacie-Lowe filed a petition for a domestic violence protection order. Lori Legacie-Lowe alleged Jerome Lowe verbally abused her, threw a chainsaw near her, displayed extreme anger, and threw things while verbally abusing her. Lori Legacie-Lowe testified she is extremely fearful of Jerome Lowe and because of her fear she now carries a handgun with her, has installed security cameras, and she cannot sleep at night. The district court granted the domestic violence protection order, prohibiting Jerome Lowe from having contact with Lori Legacie-Lowe for 12 months.

II

[¶3]   Jerome Lowe argues the district court erred in granting the domestic violence protection order because Lori Legacie-Lowe did not make a showing of actual or imminent domestic violence.

> A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous. *Frisk v. Frisk*, 2005 ND 154, ¶ 6, 703 N.W.2d 341. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Lovcik v. Ellingson*, 1997 ND 201, ¶ 10, 569 N.W.2d 697. "The question whether the trial court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal." *Lawrence v. Delkamp*, 2000 ND 214, ¶ 7, 620 N.W.2d 151 (citing *Ryan v. Flemming*, 533 N.W.2d 920, 923 (N.D. 1995)).

A domestic violence protection order is a civil action primarily for injunctive relief. *Lovcik*, 1997 ND 201, ¶ 11, 569 N.W.2d 697. The party seeking the protective order must prove actual or imminent domestic violence by a preponderance of the evidence. *Id*. Past abusive behavior is a relevant factor to consider in determining whether domestic violence is actual or imminent. *Id*. at ¶ 16. The context and history of the relationship between the parties is also a relevant factor to consider. *Peters–Riemers v. Riemers*, 2001 ND 62, ¶ 8, 624 N.W.2d 83 (citing *Cesare v. Cesare*, 154 N.J. 394, 713 A.2d 390, 395 (1998)).

*Ficklin v. Ficklin*, 2006 ND 40, ¶¶ 11-12, 710 N.W.2d 387.

[¶4] Domestic violence is statutorily defined under N.D.C.C. § 14-07.1-01(2) as:

physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members.

There must be a showing of actual or imminent domestic violence before a district court may enter a protection order. *Ficklin*, 2006 ND 40, ¶ 13; N.D.C.C. § 14-07.1-02(4). If the type of domestic violence justifying a protection order is based upon fear, the harm feared by the petitioner must be "actual or imminent." N.D.C.C. § 14-07.1-02(4).

[¶5] This Court has defined "imminent" as meaning "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Steckler v. Steckler*, 492 N.W.2d 76, 80 (N.D. 1992) (quoting *State v. Kurle*, 390 N.W.2d 48, 49 (N.D. 1986)). This Court has defined "actual" as "[r]eal; substantial; existing presently in fact; having a valid objective existence as opposed to that which is merely theoretical or possible." *Steckler*, at 81 (quoting *Black's Law Dictionary* 34 (6th ed. (1990))).

[¶6] Jerome Lowe also argues the district court failed to make sufficient findings on whether there was a showing he had inflicted a fear of imminent

domestic violence. The district court must make findings of fact sufficient to enable this Court to make a meaningful review.

> Under N.D.R.Civ.P. 52(a), the district court is required to make findings of fact and conclusions of law sufficient to enable this Court to understand the factual determinations made by the district court and the basis for its conclusions of law and the judgment or order entered thereon. *Matter of Kulink*, 2018 ND 260, ¶ 7, 920 N.W.2d 446. The court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the district court's decision. *Id.*

*Clarke v. Taylor*, 2019 ND 251, ¶ 8, 934 N.W.2d 414.

[¶7]   The district court made limited findings on whether Lori Legacie-Lowe had established Jerome Lowe had inflicted a fear of imminent domestic violence. The oral findings included the following:

> I'm satisfied, by greater weight of the evidence, that there is—that there is a need for a protection order. Although there has been no evidence to suggest that there's been physical harm against the petitioner by the respondent, there has been the infliction of fear of imminent physical harm; I'm satisfied that the evidence supports that proposition. And I'm going to grant the protection order; it'll be in place for a period of 12 months.

The district court's only written finding was "[r]espondent is verbally abusive to petition (sic) on several occasions since July 2022."

[¶8]   The district court made a conclusory finding that Jerome Lowe had inflicted fear of imminent physical harm on Lori Legacie-Lowe. The court did not explicitly indicate the factual basis for a finding of domestic violence by infliction of imminent physical harm. "A court has a duty to make accurate and adequate findings to support the issuance of an order and to allow for an intelligible review of a case on appeal." *Ficklin*, 2006 ND 40, ¶ 18. The district court's findings are inadequate to understand the basis for the decision and we remand for the court to make specific findings. *See Goetz v. Goetz*, 2023 ND 53,

3

¶ 9 (remanding when the district court fails to make sufficient findings that enable this Court to understand the factual basis for the court's decision).

### III

[¶9] The district court did not make sufficient findings of fact to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the district court with instructions to make specific findings of fact on the issue of whether Jerome Lowe had inflicted a fear of imminent domestic violence.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr