# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 219

Monica Tracey,                                                   Petitioner

v.

David Tracey,                                    Respondent and Appellant

### No. 20230155

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

REVERSED.

Opinion of the Court by McEvers, Justice.

Travis D. Iversen, Bismarck, ND, for respondent and appellant; submitted on brief.

**McEvers, Justice.**

[¶1] David Tracey appeals from a domestic violence protection order prohibiting him from having contact with Monica Tracey for a two-year period. We reverse, concluding the district court erred in issuing the domestic violence protection order.

I

[¶2] On April 20, 2023, Monica Tracey filed a petition for a domestic violence protection order against her husband, David Tracey, under N.D.C.C. § 14-07.1-02(4). The petition alleged she was in fear of her husband. A temporary domestic violence protection order was issued the same day.

[¶3] The district court held a hearing on the petition on May 1, 2023. The court informed the parties the decision would be based only on the evidence presented in the hearing. Monica Tracey's testimony described events that led to filing the petition. She testified about an argument with her husband that resulted in a physical altercation that occurred in November 2021:

> [David Tracey] proceeded to put his hand around my neck and push me out the door. I pushed back and told him to keep his hands off of me. And he grabbed me, again, around the neck and pushed me out the door, and told me that I should like it, because I liked it when my ex-husband did that to me.

Following this incident, Monica Tracey was out of the parties' house for about ten months. Monica Tracey indicated this alleged domestic violence was a one-time occurrence stating, "he's never really laid his hands on me other than that one night. It's just, I guess, with my past, I would just rather it not happen again." The parties reconciled after this incident, and Monica Tracey moved back home for about five months before leaving again. She testified that after she moved out again, they still talked and were civil to each other. In March 2023, the parties had a dispute about the parties' daughter. Around this period,

David Tracey sent texts to Monica Tracey periodically, described by her as sometimes lovingly and other times angrily. Monica Tracey further testified David Tracey stopped by the café where she worked to drop off her mail. She also testified David Tracey sent her text messages in April 2023 and, in some messages, David Tracey told her he wanted his grandparent's stuff back and that was the only way she would get her grandparent's stuff back. According to Monica Tracey, he told her "he was going to wreck a hutch . . . [and] bust the windows out of my car and pull it to the pit." She testified that in another message, David Tracey referred to her as Monica Stroklund—her ex-husband's last name—saying, "Once a St[r]oklund, always a Stroklund," which she took as a reference to the physical abuse she experienced by her previous husband. Without providing any specific dates, she further testified that in the past David Tracey had told her "no one would care if [she] disappeared." She took these comments about her disappearing as a threat. Monica Tracey stated she was not "comfortable" with David Tracey showing up to her home and place of work. David Tracey did not cross-examine Monica Tracey or deny the allegation of the physical altercation in November 2021, nor did he deny sending her text messages about exchanging various property. David Tracey testified briefly that he did not break any windows or damage Monica Tracey's car and stated, "I just don't want her there," referring to his home.

[¶4]   At the conclusion of the hearing, the district court ruled from the bench, finding:

> All right. Well, here's what I'm going to do. As there was sufficient evidence showing that there was domestic violence, even though the physical violence that was testified to did occur, what, a year and a half, two years ago. However, the – what was taken as a threat.
>
> . . . .
>
> As I was saying, this, what was taken as a threat of bodily injury did occur more recently, so there has been domestic violence presented to the Court. And so I will grant the Domestic Violence

Protection Order. And that will be, essentially, along the same lines as what's in the temporary order.

Based on these findings, the court entered an order against David Tracey. David Tracey appealed.

## II

[¶5]   David Tracey argues the district court erred in granting the domestic violence protection order because Monica Tracey failed to make a showing of actual or imminent domestic violence and the court failed to make sufficient findings to enable proper appellate review.

[¶6]   "A domestic violence protection order is a civil action primarily for injunctive relief." *Lovcik v. Ellingson*, 1997 ND 201, ¶ 11, 569 N.W.2d 697. Our standard for reviewing a district court's decision on a domestic violence protection order is well established:

> A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. The question whether the trial court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal.

*Legacie-Lowe v. Lowe*, 2023 ND 140, ¶ 4, 994 N.W.2d 177 (cleaned up).

[¶7]   A domestic violence protection order may be granted when a petitioner establishes, by a preponderance of the evidence, actual or imminent domestic violence. N.D.C.C. § 14-07.1-02(4); *see Legacie-Lowe*, 2023 ND 140, ¶ 4. Section 14-07.1-01(2), N.D.C.C., defines domestic violence as:

> physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or

assault, not committed in self-defense, on the complaining family or household members.

"If the type of domestic violence justifying a protection order is based upon fear, the harm feared by the petitioner must be actual or imminent." *Legacie-Lowe*, at ¶ 5 (cleaned up).

> This Court has defined "imminent" as meaning near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous. This Court has defined "actual" as real; substantial; existing presently in fact; having a valid objective existence as opposed to that which is merely theoretical or possible.

*Id.* at ¶ 6 (cleaned up). It is not enough to show threats of future conduct at an indefinite time; rather, the petitioner must show how a threat creates a fear of actual or imminent harm. *Lenton v. Lenton*, 2010 ND 125, ¶ 12, 784 N.W.2d 131 ("We emphasize that a finding of domestic violence may be based on actual harm, or the infliction of fear of imminent harm, or both, but may not be based solely on the infliction of fear of actual harm that may occur at some indefinite time in the future.").

[¶8] This Court has analyzed verbal threats in the context of domestic violence protection orders:

> Much of the case law regarding domestic violence protection orders and a finding of domestic violence by threats which inflict fear of imminent harm analyzes verbal threats. In *Lenton v. Lenton*, this Court affirmed a domestic violence protection order when considering the past physical violence and the context of the relationship, the verbal threat of "get what's coming" to her was enough to support a finding of domestic violence. 2010 ND 125, ¶ 11, 784 N.W.2d 131. In *Lovcik v. Ellingson*, this Court affirmed a domestic violence protection order entered against the father for threatening and hostile phone calls made to the mother considering the prior violent acts and circumstances of the relationship. 1997 ND 201, ¶¶ 12-13, 569 N.W.2d 697. In *Ficklin*[ *v. Ficklin*], this Court reversed a domestic violence protection order because the statement he would burn the house down was not

> imminent domestic violence but a perceived possibility of a threat.
> 2006 ND 40, ¶ 21, 710 N.W.2d 387.

*Legacie-Lowe*, 2023 ND 140, ¶ 8; *see also Clarke v. Taylor*, 2019 ND 251, ¶¶ 11-12, 934 N.W.2d 414 (affirming a domestic violence protection order where the district court based its finding of domestic violence on the petitioner's fear of imminent physical harm after being threatened with a gun).

[¶9] Additionally, Rule 52(a), N.D.R.Civ.P., applies to domestic violence protection orders. *Lindstaedt v. George*, 2020 ND 262, ¶ 5, 952 N.W.2d 102. In an action tried on the facts without a jury, "the court must find the facts specially and state its conclusions of law separately." N.D.R.Civ.P. 52(a)(1). The district court must make factual findings sufficient to understand the basis for its decision and to enable this Court to conduct meaningful appellate review. *See Niska v. Falconer*, 2012 ND 245, ¶¶ 10, 14, 824 N.W.2d 778.

[¶10] Here, Monica Tracey's petition was based on fear of imminent harm. The district court made oral findings based on David Tracey's conduct that there was domestic violence that occurred about one and a half years ago. The court made no other specific findings on how the altercation met the definition of domestic violence or whether David Tracey acted in self-defense. Monica Tracey presented no evidence or testimony that she suffered any physical harm or bodily injury as a result of the November 2021 altercation. Bodily injury is not defined under N.D.C.C. § 14-07.1-01(2), but it is defined under N.D.C.C. § 12.1-01-04(4) as "any impairment of physical condition, including physical pain." We can infer from Monica Tracey's testimony that the altercation caused her physical pain; therefore, the conduct meets the definition of domestic violence under N.D.C.C. § 14-07.1-01(2). The court did not clearly err in finding the conduct in the past was an act of domestic violence because it is supported by the record. "Past abusive behavior and the context and history of the parties' relationship are relevant factors in determining whether domestic violence is actual or imminent." *Niska*, 2012 ND 245, ¶ 11 (internal citations omitted).

[¶11] Although the November 2021 incident is relevant to the issue of domestic violence, given the period of time since the conduct occurred, and the on and

off again relationship between the parties, it is necessary for the district court to find a contemporaneous actual harm or the infliction of fear of physical harm, bodily injury, or assault. The district court's conclusory finding "what was taken as a threat of bodily injury did occur more recently, so there has been domestic violence presented to the Court," is inadequate to explain an infliction of fear of imminent physical harm. The record is unclear when the alleged threat was made, and Monica Tracey did not testify that she was in fear of imminent physical harm, bodily injury, or assault based on the November 2021 altercation or any conduct thereafter. She testified that after David Tracey sent her text messages in April 2023 that she felt uncomfortable with David Tracey coming to her place of work and home. She testified she perceived as a threat David Tracey's comment made in the past that no one would care if she disappeared. Although there is evidence to support a finding that Monica Tracey was in fear, there was no evidence in the record that her fear was of imminent harm.

[¶12] Nothing in the record reflects the November 2021 act of domestic violence, or David Tracey's statement that no one would care if Monica Tracey disappeared, created a fear of actual or imminent harm in Monica Tracey. The district court erred as a matter of law by finding domestic violence occurred when the record does not support a finding of fear of actual or imminent harm. *See L.C.V. v. D.E.G.,* 2005 ND 180, ¶ 11, 705 N.W.2d 257 (noting a district court errs as a matter of law when it fails to make required findings or the findings are not intelligible).

[¶13] Given the district court's conclusory findings and Monica Tracey's lack of specific testimony on how David Tracey's conduct created a fear of actual or imminent harm, we are not convinced the requirements of N.D.C.C. § 14-07.1-02(4) were satisfied in this case. Based on the entire record, we have a definite and firm conviction a mistake has been made. We conclude the district court erred as a matter of law in finding domestic violence and clearly erred when it issued the domestic violence protection order.

## III

[¶14] We reverse the two-year domestic violence protection order against David Tracey.

[¶15] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr