# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 195

Sarah Irene Tracy,                                                                    Petitioner

v.

Jason Lee Tracy,                                        Respondent and Appellant

### No. 20240092

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Erich M. Grant, Minot, N.D., for respondent and appellant; submitted on brief.

**Tracy v. Tracy**
**No. 20240092**

**Tufte, Justice.**

[¶1]   Jason Lee Tracy appeals from a domestic violence protection order. On appeal, he argues the district court's finding of domestic violence was clearly erroneous because Sarah Tracy failed to show Jason Tracy caused or threatened actual or imminent domestic violence. We affirm the domestic violence protection order.

I

[¶2]   In November 2023, Jason Tracy and Sarah Tracy were involved in divorce proceedings. After receiving an unfavorable interim order, Jason Tracy sent multiple text messages and photographs to Sarah Tracy, including photographs of and with a firearm. Sarah Tracy filed a petition for domestic violence restraining order based upon those messages. Following a hearing, the district court entered a two-year domestic violence restraining order prohibiting Jason Tracy from contacting Sarah Tracy. Jason Tracy appeals.

II

[¶3]   "A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous." *Legacie-Lowe v. Lowe*, 2023 ND 140, ¶ 4, 994 N.W.2d 177 (citations omitted). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶4]   A district court may enter a protection order upon a showing of actual or imminent domestic violence. N.D.C.C. § 14-07.1-02(4). "The party seeking the protective order must prove actual or imminent domestic violence by a preponderance of the evidence." *Legacie-Lowe*, 2023 ND 140, ¶ 4 (citations omitted). "Domestic violence" is statutorily defined as "physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by

1

physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14-07.1-01(2).

[¶5] If the type of domestic violence justifying a protection order is based upon fear, then the harm feared by the petitioner must be "actual or imminent." N.D.C.C. § 14-07.1-02(4). "This Court has defined 'imminent' as meaning near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Legacie-Lowe*, 2023 ND 140, ¶ 6 (cleaned up). "This Court has defined 'actual' as real; substantial; existing presently in fact; having a valid objective existence as opposed to that which is merely theoretical or possible." *Id.* (cleaned up).

III

[¶6] Jason Tracy argues the petitioner failed to show actual or imminent domestic violence. He argues the clear and objective implication of the messages and photographs was the possibility of self-harm, not a threat to Sarah Tracy. He further argues the threats made, if any, were not actual or imminent.

[¶7] Sarah Tracy received a text from Jason Tracy with a photograph of a handgun and message stating, "I will make sure you have a front row seat satan." Sarah Tracy testified she interpreted his messages to mean "[Jason Tracy] was going to kill [her]." She further testified she felt like she was in danger and the messages were intended to frighten her. "A few minutes" later, Sarah Tracy received another photograph from Jason Tracy showing the handgun in his own mouth. Sarah Tracy testified she interpreted this photograph to mean "he was going to kill one of us. He was now threatening himself."

[¶8] Sarah Tracy testified she contacted the sheriff's office and was advised to flee her house. She felt she was in danger but did not flee the house because it had extra security. She testified she did not know where Jason Tracy was at that time. The next morning law enforcement contacted her and informed her they could not locate Jason Tracy.

[¶9] The district court found Jason Tracy's unknown whereabouts made the threat imminent and reasonable. The court explained the picture of the gun and

2

caption "may not be a direct threat, but it's certainly implied and imparted fear and concern on behalf of Mrs. Tracy." The district court found Sarah Tracy showed actual or imminent domestic violence, explaining: "I am satisfied that the petitioner, Miss Tracy, has established that Mr. Tracy by his acts, by his texts, intended to inflict fear of imminent physical harm or bodily injury on Miss Tracy, who is certainly a family or household member."

[¶10] "This Court gives great deference to a factfinder's opportunity to observe the witnesses and determine credibility. We will not reexamine findings of fact made by the trial court upon conflicting evidence, and a choice between two permissible views of the weight of the evidence is not clearly erroneous." *Lindstaedt v. George*, 2020 ND 262, ¶ 6, 952 N.W.2d 102 (cleaned up). We will not reverse simply because we may have viewed the evidence differently. *Id.* We reviewed the record and understand the rationale for the district court's decision. We conclude the district court's finding of domestic violence was not induced by an erroneous view of the law, nor are we left with a definite and firm conviction a mistake has been made.

IV

[¶11] Our review of the record shows Sarah Tracy presented sufficient evidence for the district court to find domestic violence. We affirm the domestic violence protection order.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr